447 P.2d 230

Donald L. GOODMAN, Sr., as surviving husband of Gloria Goodman, individually, and as next of friend for Donald L. Goodman, Jr., a minor, Petitioner,

v.

Honorable Frank X. GORDON, Jr., Judge of the Superior Court of Mohave County, Arizona, and Mohave General Hospital and Mohave County, a political subdivision of the State of Arizona, Drs. John G. Lingenfelter, Raymond E. Hammer and John J. Standifer, real parties in interest, Respondents.

No. 9228.

Supreme Court of Arizona.

In Banc.

Nov. 21, 1968.

Charles M. Brewer, Phoenix, for petitioner.

Jennings, Strouss, Salmon & Trask, by W. Michael Flood, Phoenix, for respondents.

McFARLAND, Chief Justice.

Plaintiff Donald R. Goodman filed suit in the Superior Court of Mohave County, Arizona, claiming damages for alleged medical malpractice. Defendants were Mohave County, Mohave General Hospital, and three doctors. Two doctors filed motions to strike; all other defendants answered. Plaintiff moved for a change of venue, which was opposed and set for hearing. Plaintiff then withdrew the motion, and moved for a voluntary dismissal. Copies of the motion to dismiss were served on all defendants. The judge, under the impression that there would be no opposition, granted the motion to dismiss, and plaintiff promptly started the same suit in federal court. When defendants learned of the dismissal, they filed motions to vacate the order and to reinstate the action. The judge heard oral arguments, stated that the order of dismissal was entered under the mistaken impression that it would not be opposed, vacated the order, and reinstated the case.

A hearing was then set on the motion to dismiss, and oral arguments were heard, after which the judge entered an order denying the motion and disqualifying himself from further participation in the case.

■ The federal court action was continued to give plaintiff another opportunity to obtain a dismissal of the state court action. Plaintiff then sought a writ of mandamus in this Court. We granted the writ for the reasons hereinafter set forth. A petition for a writ of mandamus is a proper procedure to prevent a trial court from entering orders in a dismissed case. In Re Skinner and Eddy Corp., 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912.

■ Plaintiff argues that after the trial court dismissed the action, it had no jurisdiction to act any further in that case —that there was no case pending in which orders could be made. While this is true in most instances, it is not true as to the order involved in the instant case—an order vacating the dismissal and reinstating the case, where the original order of dis-

missal was made upon the erroneous assumption that the motion to dismiss was unopposed. A.R.S. § 12–122 provides that the superior court, in addition to the powers conferred by constitution, rule, or statute, "may proceed according to the common law." In other words, the superior court has inherent powers. In the instant case, such inherent powers include the right to correct orders based on mistaken facts. This principle was followed in Zimmerman v. Western Builders' and Salvage Company, 38 Ariz. 91, 297 P. 449, where we said:

"* * * It is the general rule of law that it is discretionary with the trial court to reinstate an action previously dismissed, * * *. Allbin v. City of Seattle, 98 Wash. 275, 167 P. 922; Anderson v. Shields, 51 Wash. 463, 99 P. 24; Cowokochee v. Chapman, 67 Okl. 263, 171 P. 50. * * *"

Defendants argue that once jurisdiction attached in the state court it could not be taken away by a federal court. The issue here, however, is whether plaintiff himself can take away the state court's jurisdiction by dismissing his own case.

Defendants also argue that to allow plaintiff to try his case in federal court at Prescott would force defendants to travel there; that it would mean a loss of the time and money spent in preparing for trial in Mohave County; that

"we have gained a tactical advantage which we wish to maintain, i. e., having the forum in Mohave County":

that the standard of care of doctors in Mohave County is the criteria by which defendants are to be judged. The answer to these arguments is that since Mohave County is one of the defendants, venue would have to be changed to another county anyway, which would be just as distant as the federal court at Prescott.

■ Traditionally, a plaintiff had an unqualified right, upon payment of costs, to dismiss without prejudice unless defendant would suffer "some plain legal preju-

dice other than the mere prospect of a second lawsuit." Cone v. W. Virginia Pulp and Paper Co., 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849; N.Y.C. & St.L.R. Co. v. Vardaman, 8 Cir., 181 F.2d 769.

It has been held that Rule of Civil Procedure No. 41(a), para. 2, 16 A.R.S., was adopted

> "* * * to put an end to * * * abusive practices whereby defendants were put to expense by plaintiffs who had no real object in mind other than such harassment."

Klar v. Firestone Tire and Rubber Co., D. C., 14 F.R.D. 176. This is a much too narrow rationalization of the reason for the rule.

Plaintiff argues that even under Rule 41 (a), para. 2, he has an absolute right to dismiss without prejudice after answer has been filed, subject only to the right of the court to impose terms and conditions. In support of this contention he cites the 7th Circuit Court case of Bolten v. General Motors Corp., 7 Cir., 180 F.2d 379. In our opinion that is a proper and salutory interpretation of the rule. It ought not to be possible, except in extraordinary cases, to prevent a plaintiff from dismissing his action whenever he pleases, subject only to terms and conditions that a court may justly impose to compensate defendants for expenses, trouble, and other substantial disadvantages that may arise because of the voluntary dismissal by plaintiff. However, in Grivas v. Parmelee Transportation Co., 7 Cir., 207 F.2d 334, the U.S. Court of Appeals for the 7th Circuit, overruled Bolten, saying:

> "The unanimous view of other courts and textbook writers is that the allowance of a motion to dismiss under Rule 41(a) (2) is not a matter of absolute right —that it is discretionary with the court * * *." p. 336. Cert. Den. 347 U.S. 913, 74 S.Ct. 447, 98 L.Ed. 1069

■ It is now the well-settled rule that, under Rule 41(a), para. 2, Rules Civ. Proced., before answer is filed the right to dismiss is absolute, self-executing, and accomplished automatically by plaintiff's filing a notice of dismissal. There need be no notice to defendant, no hearing on the matter, and no order of the court. It is equally well-settled that under Rule 41(a), para. 2, supra, after answer is filed the right to dismiss is discretionary, must be by motion, notice to defendants, hearing, and court order. Diamond v. United States, 5 Cir., 267 F.2d 23; Burgess v. Atlantic Coast Line R. R. Co., 39 F.R.D. 588.

The courts have held that even though plaintiff's purpose in seeking a dismissal is to refile in another state where the statute of limitations is longer, this is not a sufficient reason to refuse to dismiss. Klar v. Firestone Tire and Rubber Co., supra. The following other grounds for refusing to dismiss have been held insufficient: The fact that plaintiff intended to refile in state court—Wilson & Co. v. Fremont Cake and Meal Co., 83 F.Supp. 900; The fact that plaintiff would gain a tactical advantage— N.Y.C. & St. L. R. Co. v. Vardaman, supra; The fact that plaintiff was negligent in not filing his motion until jurors and witnesses had gathered for the trial—Durham v. Florida East Coast Railway Co., 385 F.2d 366; The fact that the filing of the suit caused defendant the expense of filing an answer—Alamance Industries v. Filene's, 291 F.2d 142, cert. den. 368 U.S. 831, 82 S.Ct. 53, 7 L.Ed.2d 33.

■ It is therefore clear that in the instant case the dismissal requested by plaintiff was discretionary with the court. In exercising such discretion, however, the equities of the plaintiff are entitled to consideration as well as defendants, and a court's failure to consider the plaintiff's equities is a "denial of a full and complete exercise of judicial discretion." Lunn v. United Aircraft Corp., D.C., 26 F.R.D. 12.

■ While expenses may properly be made a condition of granting a dismissal, omission of such condition is not an arbitrary act. N.Y.C. & St. L. R. Co. v. Vardaman, supra.

In United States v. E. I. DuPont De Nemours & Co., D.C., 13 F.R.D. 490, the court said:

"Rule 41(a) (2) authorizes an order of dismissal only upon application to the court. It did not contemplate that an order would summarily issue upon the presentation of such a motion without weighing its propriety. Especially is this true where the defendants raise objection to such a request.

"Thus, the court is called upon to survey and analyze the entire record of the case in order to determine whether a dismissal without prejudice would violate any of the defendants' substantial legal rights."

The court then goes on to cite Cone, supra, which laid down the test of "plain legal prejudice other than the mere prospect of a second lawsuit," and indicated that the question to be resolved is whether

"the defendants acquired in the course of these proceedings some substantial right or advantage which will be lost or rendered less effective by a dismissal without prejudice * * *. The court is concerned with the deprivation of substantial legal rights, such as loss or unavailability of a defense, and not mere convenience, or easy accessibility, to proof."

In Johnston v. Cartwright, 355 F.2d 32 (8th circ. 1966), the court said:

" * * * We cannot say that, under all the circumstances here, the trial court abused its discretion in granting the motion to dismiss. * * * [Defendants] presumably were free to seek more specific protective relief from the district court even after the order of dismissal as to them had been entered. The record suggests no such attempt on their part, other than the general one to set aside the dismissal order * * *."

In our opinion only the most extraordinary circumstances will justify the trial court in refusing to grant a motion by a plaintiff to dismiss without prejudice.

Certainly no such case was made by the defendants at the hearing before the trial court, the record of which was the basis of the argument before this Court.

Since the writ of mandamus has already issued, no further order need be entered at this time.

UDALL, V. C. J., and STRUCKMEYER, BERNSTEIN, and LOCKWOOD, JJ., concur.