502 P.2d 1084

Mary Francean Shaffer **WUSTRACK**, Petitioner,

v.

Honorable Douglas H. **CLARK**, Court Commissioner of the Superior Court of Maricopa County, State of Arizona and Jerry N. Shaffer, Respondents.

No. 1 CA–CIV 2189.

Court of Appeals of Arizona, Division 1, Department B.

Nov. 14, 1972.

**408**

Spencer K. Johnston, Phoenix, for petitioner.

Meyers, Curtis & Kromer by Michael A. Curtis, and Bruce M. Kromer, Phoenix, for respondents.

PER CURIAM.

This special action concerns the propriety of an order entered by Court Commissioner Douglas H. Clark in post-judgment proceedings in a divorce action. Petitioner and respondent real party in interest (re-spondent) herein were divorced by a judgment entered on August 31, 1971, which granted custody of their minor child to petitioner and provided for specified support payments and visitation rights. Respondent subsequently filed a petition for modification of the judgment with respect to visitation, and petitioner then filed a petition for modification of the support payments. Respondent filed an answer to the latter Both matters were set for hearing on September 27, 1972, but prior to that hearing petitioner moved to dismiss her own petition without prejudice. This motion was opposed by respondent. Instead of ruling on petitioner's motion, the Court Commissioner entered an order on September 27, 1972, as follows:

> "IT IS FURTHER ORDERED taking the Motion to Dismiss as filed by the Defendant, under advisement, and said hearing is hereby continued to April 25th, 1973, at the hour of 2:00 o'clock P.M., before Court Commissioner Clark."

Without any further proceedings before the Court Commissioner, petitioner then brought this special action seeking review of the foregoing order and asking this Court to enter an order (1) compelling the Court Commissioner to rule on her motion to dismiss, and (2) compelling him to grant her motion.

The Court believes that this is an appropriate case for a special action, as the relief sought is from a non-appealable order and is in the nature of certiorari and mandamus. The Court therefore accepts jurisdiction in this matter.

Although not urged by petitioner, it appears that in taking petitioner's motion under advisement for a period of almost seven months, rather than ruling on it promptly, the Court Commissioner failed to comply with Section 21, Article VI of the Arizona Constitution, A.R.S., Rule 77(j), Rules of Civil Procedure, 16 A.R.S., and Rule 13, Uniform Rules of Practice of the Superior Court, 17 A.R.S., all of which require that any matter submitted to the Superior Court for determination be decided

within 60 days after submission. While these provisions have been held to be directory rather than mandatory, at least in the sense that failure to observe them does not deprive the Court of jurisdiction, In re Estate of Appleton, 15 Ariz.App. 490, 489 P.2d 864 (1971), we believe that the 60-day limitation should be observed as a matter of course in all but the most extraordinary circumstances, which are not shown here. *See* Western Sav. & L. Ass'n. v. Diamond Lazy K Guest Ranch, Inc., 18 Ariz.App. 256, 501 P.2d 432 (1972). The 60-day period here has not yet expired and will not do so until November 27, 1972. However, the Court Commissioner has not ruled on the motion, and his order indicates on its face that he does not intend to do so until April 1973. This contemplated delay would violate the foregoing provisions and cannot be permitted to stand in view thereof. The Court Commissioner is therefore directed to consider and rule upon petitioner's motion to dismiss as more specifically hereinafter directed.

Petitioner urges this Court to direct the granting of her motion in addition to compelling a ruling thereon. However, while it may well be appropriate that her motion be granted, the granting or denial of such a motion is within the sound discretion of the trial court, since an answer has been filed to the petition sought to be dismissed, and petitioner therefore has no absolute right to dismiss her petition without prejudice. Goodman v. Gordon, 103 Ariz. 538, 447 P.2d 230 (1968). Since the trial court has not had an opportunity to consider the factors mentioned in the *Goodman* case or to impose any terms or conditions it might deem appropriate should it grant the motion, this Court is not in any position to pass on such matters and to make what would be an initial ruling on the motion.

Respondent has requested damages for bringing a frivolous special action. In view of the Court's decision that partial relief is warranted, this action cannot be regarded as frivolous, and the request for damages is denied.

For the foregoing reasons, the petition for an order compelling a ruling on petitioner's motion to dismiss her petition for modification is granted, and the respondent Court Commissioner or such other judge or commissioner to whom this matter may be assigned [1] is directed to consider petitioner's motion promptly upon his receipt of this opinion, and to enter his order ruling thereon no later than November 27, 1972, or by the tenth day following the mailing of this opinion whichever is later. In the event petitioner's motion to dismiss is denied, it is suggested that a hearing on the merits be held as soon as is practically possible.

The petition for an order compelling the granting of said motion to dismiss is denied.

---

1. Following the submission of this matter but prior to the rendition of our opinion, the court was informed that respondent Clark has resigned from his position as Court Commissioner.