565 P.2d 905

Maria PENUNURI, a minor, and Alfonso I. Penunuri and Ofelia A. Penunuri, husband and wife, Individually and as parents and next friends of Maria Penunuri, Petitioners,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, the Honorable James C. Carruth, a Judge thereof the Superior Court of the State of Arizona, in and for the County of Cochise, Respondents,

and

Jorge B. GAYTAN, M. D., and Elizabeth R. Gaytan, husband and wife, and Phelps Dodge Corporation, a New York Corporation, Real Parties in Interest.

No. 2 CA–CIV 2476.

Court of Appeals of Arizona, Division 2.

March 31, 1977.

---

Healy & Beal, P. C. by William T. Healy, Tucson, for petitioners.

Chandler, Tullar, Udall & Redhair, by D. B. Udall, Tucson, and Ramon R. Alvarez, Douglas, for real parties in interest Gaytan.

Evans, Kitchel & Jenckes, P. C. by Leon D. Bess, Phoenix, for real party in interest Phelps Dodge Corp.

## OPINION

HATHAWAY, Judge.

Petitioners, plaintiffs in a pending superior court action, challenge the respondent court's denial of their motion for a voluntary dismissal of the real parties in interest as defendants in the suit and the court's order transferring the action from Pima County to Cochise County. Since we are of the opinion that appellate intervention at this juncture is required, we assume jurisdiction and grant relief.

The procedural chronology of events is as follows. On July 30, 1976, petitioners filed suit in Pima County Superior Court against various defendants including Phelps Dodge Corporation, Dr. Gaytan and his wife, and Cochise County Hospital Association. A motion for a change of venue was filed by Cochise County Hospital on August 25, 1976, and a like motion on behalf of the Gaytans was filed on August 25, 1976. Phelps Dodge filed a response indicating its lack of objection to the motions for change of venue and asking that they be granted.

On October 7, 1976, petitioners filed a motion for dismissal without prejudice as to the defendants Gaytan and Cochise County Hospital, and a notice of dismissal as to potential defendants, Dr. Jarvis and his wife and Dr. Hildebrandt and his wife (DOE defendants who had been served).

On October 27, Phelps Dodge filed a cross-claim against the Gaytans and on January 14, 1977, pursuant to stipulation, an order of dismissal without prejudice as to Cochise County Hospital was filed. On January 26, 1977, pursuant to stipulation, Phelps Dodge was granted leave to file a third-party complaint against Dr. Jarvis and his wife. Petitioners' motion for dismissal of defendants Gaytan was opposed and petitioners opposed the respective requests for change of venue. On February 1, 1977, the respondent court denied the motion for dismissal without prejudice and granted the motions for change of venue. In its minute entry, the court indicated that in denying the motion for dismissal, it had considered the equities of the plaintiffs and the equities of the defendants.

Petitioners' lawsuit was predicated upon the alleged malpractice of three doctors employed by Phelps Dodge in its clinic located in Cochise County. The doctors are residents of Cochise County, as are the petitioners, and the events which gave rise to the lawsuit occurred in Cochise County. The liability of Phelps Dodge is predicated upon the doctrine of respondeat superior in that the doctors were employees of Phelps Dodge.

The propriety of venue in Pima County as to Phelps Dodge is not disputed under A.R.S. § 12–401(18). If, however, an individual defendant joined with Phelps Dodge and who resided outside of Pima County timely requested a change of venue to the county of his residence, transfer was mandatory. *Wallen v. Jacobson*, 18 Ariz.App. 558, 504 P.2d 499 (1972); *Wray v. Superior Court*, 82 Ariz. 79, 308 P.2d 701 (1957).

The threshold question is whether the respondent court erred in denying peti-

tioners' motion for dismissal. As answers had been filed by the defendants, petitioners' right to dismiss without prejudice was addressed to the discretion of the court. *Goodman v. Gordon*, 103 Ariz. 538, 447 P.2d 230 (1968). Our Supreme Court in *Goodman* was of the opinion that "only the most extraordinary circumstances will justify the trial court in refusing to grant a motion by a plaintiff to dismiss without prejudice." 103 Ariz. 541, 447 P.2d 233. Our reading of the case leads us to conclude that the test to be applied, in ruling upon a motion to dismiss without prejudice, is whether such dismissal would violate any of the defendant's substantial legal rights.

■ The thrust of the opposition to the motion to dismiss was that if dismissal was ordered or venue was not moved to Cochise County, the Gaytans would have lost the right to have the matter tried in Cochise County. It was argued that if Phelps Dodge was the only defendant in the case, venue would be proper in Pima County and that since Phelps Dodge would be entitled to seek indemnity from its employee-doctor, when Phelps Dodge filed a third-party complaint against the Gaytans, the third-party defendants would not then be entitled to a change of venue. We agree that a third-party claim is ancillary for venue purposes, *United States v. Acord*, 209 F.2d 709 (10th Cir. 1954); *Gaspord v. Emery Transportation Company*, 179 F.Supp. 207 (E.D.Pa. 1959), and that a third party defendant has no right to have the main action transferred to the county of his residence. *Mahaska County State Bank v. Crist*, 87 Iowa 415, 54 N.W. 450 (1893). However, if petitioners had originally filed an action only against Phelps Dodge in Pima County, the filing of a third party complaint against the Gaytans would have left them in the same situation and they would not have had the right to have the action transferred to Cochise County.

Thus the mere fact that such third party claim may be asserted against them is no more than the mere prospect of a second lawsuit. This does not constitute "plain legal prejudice." *Cone v. West Virginia Pulp & Paper Company*, 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849 (1947); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601 (5th Cir. 1976). True, petitioners gain a tactical advantage in maintaining the action in Pima County, but such fact, standing alone, does not constitute the requisite prejudice. *New York, C & St. L. R. Co. v. Vardaman*, 181 F.2d 769 (8th Cir. 1950); Nixon Construction Co. v. Frick Company, 45 F.R.D. 387 (D.C.N.Y. 1968); *Stevenson v. United States*, 197 F.Supp. 355 (D.C.Tenn.1961).

■ We do not believe, and so hold, that the opposition to the motion to dismiss did not satisfy the "extraordinary circumstances" mandated by *Goodman v. Gordon*, supra, to justify denial of petitioners' motion to dismiss without prejudice. We therefore vacate the order transferring the cause to Cochise County and direct that the cause be transferred back to Pima County with further directions to enter an appropriate order granting petitioners' motion. Since the respondent court did not have an opportunity to consider the matter, we express no opinion as to whether it should impose terms such as imposition of costs as a condition to granting petitioners' motion.

Relief granted.

HOWARD, C. J., and JACK G. MARKS, Judge of the Superior Court, concur.

NOTE: Judge JAMES L. RICHMOND having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.