690 P.2d 140

STATE of Arizona, ex rel. Robert K. CORBIN, The Attorney General, Plaintiff-Appellee,

v.

PORTLAND CEMENT ASSOCIATION, Kaiser Cement Corporation, Defendants-Appellants.

No. 1 CA–CIV 6818.

Court of Appeals of Arizona, Division 1, Department C.

Oct. 16, 1984.

Robert K. Corbin, Atty. Gen. by Alison B. Swan, Chief Counsel, Antitrust Div., Charles L. Eger, Asst. Atty. Gen., and Reed, Goldstein & Jenkins-Reed, P.C. by Michael Wischkaemper, Kenneth R. Reed, Spl. Asst. Attys. Gen., Phoenix, for plaintiff-appellee.

Fennemore, Craig, von Ammon, Udall & Powers, P.C. by Philip E. von Ammon, Timothy J. Burke, William L. Thorpe, Phoenix, and Sidney & Austin by H. Blair White, Nathan P. Eimer, William H. Baumgartner, Jr., Chicago, Ill., for Portland Cement.

Black, Robertshaw & Copple, P.C. by Stephen D. Copple, Jon R. Pozgay, Phoenix, and Thelen, Marrin, Johnson & Bridges by Paul R. Haerle, Kennedy P. Richardson, Janis L. Harwell, Steven F. Brockhage, San Francisco, Cal., for Kaiser Cement.

## OPINION

EUBANK, Judge.

Defendants-appellants Portland Cement Association and Kaiser Cement Corporation (Appellants) appeal from the trial court's order of September 9, 1982, dismissing without prejudice an antitrust action brought by plaintiff-appellee, the State of Arizona (the State).

In September of 1976 the State filed an antitrust action based upon Arizona's Uniform State Antitrust Act, A.R.S. §§ 44–1401 et seq., against the appellants in the superior court. On October 23, 1981, just twenty-four days before the scheduled trial, the State filed a motion to dismiss the action without prejudice pursuant to Rule 41(a)(2), Arizona Rules of Civil Procedure. The appellants objected to dismissal without prejudice unless certain conditions were met. After a series of hearings, the trial court agreed with appellants, and on February 26, 1982, entered its "Judgment of Dismissal and Injunction," dismissing the action without prejudice, subject to certain terms and conditions imposed pursuant to Rule 41(a)(2).

One of the conditions, set forth in paragraph two of the judgment, was that the State move within 30 days to dismiss the State claim in a federal antitrust action pending in the United States District Court.

Paragraph seven of the judgment provided for the possible non-compliance with the above-stated condition in these terms:

The failure of the State of Arizona to (1) comply with the injunctions with respect to future actions in paragraphs 1 and 2, (2) to file the motion to amend as specified in paragraph 2, or (3) to satisfy the monetary judgments in paragraphs 3, 4, 5, 6, and 8, *if appropriate*, shall result in dismissal of this action with prejudice. Such a dismissal with prejudice shall not vacate the judgments hereby awarded to Kaiser Cement Corporation and Portland Cement Association in the amounts set forth in paragraphs 3, 4, 5 and 6 above and paragraph 8, if appropriate, below. (Emphasis added.)

Paragraph nine provided that "[t]his Court shall retain jurisdiction in this proceeding for the limited purpose of enforcing the provisions of this Judgment of Dismissal and Injunction."

**424**

The State filed its motion for leave to amend its complaint in the federal action three days late. Then, on April 30, 1982, the State moved the trial court *sub judice* for an "Order Establishing Compliance with Paragraph 2 of Judgment of Dismissal and Injunction." This motion was opposed by appellants.

At a hearing on the motion the trial judge candidly admitted that he was worried about the potential res judicata and collateral estoppel implications of dismissing the action with prejudice and that he was therefore going to excuse the late filing and grant the State's motion. On September 16, 1982, the trial court granted the State's motion and declared that "[t]he court considers the judgment of dismissal to be one without prejudice." The court further added that, "should it be necessary to support this order," the Rule 41(a)(2) judgment "is hereby modified to allow the State of Arizona 35 days" within which to file and serve the motion to amend in the federal court. The court specifically stated that its order was not to be construed as granting relief under Rule 60(c), and that the State's motion was being granted because "it would be inappropriate to have the dismissal ... be with prejudice, as plaintiff substantially complied with" the conditions of the Rule 41(a)(2) judgment.

On appeal, the appellants argue that the judgment was self-executing. Thus, when the State failed to comply with the judgment, the trial court was bound by the judgment to dismiss this case with prejudice, and the court had no legal authority to modify its final judgment. The State answers that while the judgment was final for purposes of appeal the court had specifically retained jurisdiction to modify it, and that, by the terms of paragraph seven of the judgment, the court had discretion to excuse the conditions "if appropriate."

Although the trial court states that its order modifying the judgment is made pursuant to Rule 41(a)(2) it also denominated the judgment as an injunction. The judgment specifically enjoins the State to perform and to refrain from performing certain acts. We, therefore, address the trial court's discretion to modify both a Rule 41(a)(2) order and an injunction which are both intermixed, conditional and prospective in their application.

■ The trial court has statutory authority to grant a plaintiff's motion to dismiss pursuant to Rule 41(a)(2) "upon such terms and conditions as the court deems proper." The decision whether to grant or deny such a motion, and the terms to be imposed, are all within the sound discretion of the court. *Goodman v. Gordon*, 103 Ariz. 538, 447 P.2d 230 (1968) and *Wustrack v. Clark*, 18 Ariz.App. 407, 502 P.2d 1084 (1972). The court's discretion in setting the terms and conditions of dismissal is broad. *See Draper v. United States Steel Corp.*, 64 F.R.D. 365 (E.D.Pa.1974) ("great discretion") and *Blackburn v. City of Columbus*, 60 F.R.D. 197 (S.D.Ohio 1973) ("substantial discretion").[1]

■ Rule 41(a)(2) is based upon former rules of equity practice, J. Moore, J. Lucas & J. Wicker, 5 *Moore's Federal Practice*, § 41.05(1) (2d ed. 1982) (*Moore's* ), and it confers equitable powers on the court. *United States v. E.I. du Pont de Nemours & Co.*, 13 F.R.D. 490 (N.D.Ill.1953). The court has the power to weigh the equities and do justice in each case. *Moore's supra*, § 41.05 at 41–58. In dismissing a case under Rule 41(a)(2), the court should weigh the equities and make a decision which seems fairest under all the circumstances. *Goodman v. Gordon*, 103 Ariz. 538, 447 P.2d 230 (1968) ("Goodman"), 5 *Moore's*, *supra*, § 41.10 at 41–113 and *Klintworth v. Atlantic Coast Line Ry. Co.*, 39 F.R.D. 330 (D.S.C.1966).

Although our Supreme Court has noted that Rule 41(a)(2) "was adopted '... to put an end to ... abusive practices whereby

---

1. "Since the adoption of this rule [Rule 41, Arizona Rules of Civil Procedure] had as its source Rule 41(a), Federal Rules of Civil Procedure, [which is identical to our rule 41(a) ], we are persuaded by rulings of the federal courts regarding interpretation of this rule." *Spring v. Spring*, 3 Ariz.App. 381, 414 P.2d 769 (1966).

defendants were put to expense by plaintiffs who had no real object in mind other than such harassment,'" *Goodman,* 103 Ariz. at 540, 447 P.2d 230 (quoting *Klar v. Firestone Tire and Rubber Co.,* 14 F.R.D. 176 [D.C.N.Y.1953]), it said in *Goodman:*

> In exercising such discretion, however, the equities of the plaintiff are entitled to consideration as well as defendants, and a court's failure to consider the plaintiff's equities is a "denial of a full and complete exercise of judicial discretion." *Lunn v. United Aircraft Corp.,* 26 F.R.D. 12 (D.C.Del.1960).

*Goodman, id. See also* 5 *Moore's, supra,* § 41.05(2) at 41–59, and *Gammino Constr. Co. v. Great American Ins. Co.,* 52 F.R.D. 323 (D.R.I.1971).

The terms and conditions which the court may impose are not limited to awarding the defendant statutory costs or attorney's fees. *Federal Savings and Loan Ins. Corp. v. First National Bank,* 4 F.R.D. 313 (W.D.Mo.1945). The court "may condition dismissal on plaintiff's agreement not to assert certain claims in another action." Wright and Miller, *Federal Practice and Procedure,* § 2366 at 181.

As a part of the terms and conditions selected, the trial court enjoined the State from asserting certain claims in a pending Federal District Court action, and mandated the amendment of the State's complaint therein. The court's imposition of the terms requisite to dismissal by means of a mandatory injunction, i.e., an injunction which compels some positive action by the party enjoined, cannot be said to be an abuse of the court's discretion. *Cf. Ackerman v. Kaufman,* 41 Ariz. 110, 15 P.2d 966 (1932). Therefore, the injunctive form through which the trial court sought to effectuate compliance with its judgment, pursuant to Rule 41(a)(2), is in our opinion proper and within the equitable spirit of the rule.

An injunction is a decree in equity. In *Gillespie Land and Irrigation Co. v. Narramore,* 93 Ariz. 67, 378 P.2d 745 (1963) our Supreme Court stated:

> There is no question that while a decree of a court of equity is res judicata as to the circumstances which existed at the time of the making of the decree, a court of original jurisdiction has inherent power to enforce, and when deemed necessary, to modify a decree as to its prospective application and to relieve a litigant of the effect of such a decree, where, because of subsequent changed circumstances, its application is no longer equitable.
>
> > "The power of the court to enforce and make effective its orders of injunction * * * continues for all time. As a correlative, there must also exist the power to * * * modify or vacate as exigencies arising since its rendition may require." *Lowe v. Prospect Hill Cemetery Ass'n,* 75 Neb. 85, 106 N.W. 429, 108 N.W. 978.

*Gillespie, id.,* 93 Ariz. at 71–72, 378 P.2d 745; 42 Am.Jur.2d, *Injunctions,* § 303. Also, "[a] continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need." *United States v. Swift & Co.,* 286 U.S. 106, 114, 52 S.Ct. 460, 462, 76 L.Ed. 999, 1005 (1931), per Cardozo, J. *See also Jones v. Board of Regents,* 436 F.2d 618 (9th Cir.1970).

Thus, the terms and conditions of the Rule 41(a)(2) judgment were in large part to be performed in the future. (For example, par. 1—enjoining the assertion of certain claims in the Federal District Court action; para. 2—mandating the amendment of the Federal District Court complaint; paras. 3, 4 and 5—providing for postponement of appellants' collection of judgment; para. 7—requiring compliance or dismissal; and para. 9—specifically retaining jurisdiction in the trial court in order to enforce the provisions of its judgment). As noted above, paragraphs 1 and 2 of the stated terms and conditions are framed as mandatory injunctions and as such are subject to modification by the court as discussed *infra.*

The effect of the court's modification of the judgment was to leave the

dismissal as one granted without prejudice, as opposed to changing it to one granted with prejudice. All other aspects of the judgment remain the same. There is no question but that, "[w]here ... the order of dismissal without prejudice is subject to certain conditions that the plaintiff must comply with, the court *may* render a judgment of dismissal with prejudice upon the plaintiff's failure to comply with the conditions." *Moore's, supra,* § 41.05(2) at 41–76, (emphasis added). However, the decision whether to change the judgment and injunction to a dismissal with prejudice lies in the trial court's sound discretion. Here the court specifically found that "it would be inappropriate to have the dismissal of plaintiff's state court action be with prejudice, as plaintiff substantially complied with the requirements" of its judgment. After reviewing the record before us we must agree with this finding.

 The court felt that a three-day delay under the circumstances was de minimis. We agree. Furthermore, since the judgment included mandatory injunctions against the State, the court retained jurisdiction to review and modify the judgment and injunctions. Further, since the judgment and injunctions were conditioned on events to occur in the future, the court intended to retain jurisdiction to determine the final issue: whether the dismissal would be with or without prejudice. Finally, where a judgment of dismissal and injunctions are intermixed, as they are *sub judice,* and the court specifically retained jurisdiction "for the limited purpose of enforcing the provisions of this Judgment of Dismissal and Injunction," we see no error in the court exercising its discretion as it did here.

Under the circumstances, we hold that the trial court did not abuse its discretion in modifying its earlier judgment and dismissing this case without prejudice, on the terms and conditions imposed. We affirm the order.

JACOBSON, C.J., and CORCORAN, J., concur.