698 P.2d 691

**John F. CHENEY, Petitioner,**

v.

**ARIZONA SUPERIOR COURT FOR MARICOPA COUNTY; and Linda Scott, Judge; Loren V. Grizzard and Jane Doe Grizzard, his wife; Tanner Chapel Nursing Home, an Arizona corporation, Respondents.**

No. 17804–SA.

Supreme Court of Arizona,
In Banc.

April 22, 1985.

Skousen, McLaws, Skousen, Gulbrandsen & Patience, P.C. by Steve H. Patience, Mesa, for petitioner.

Lewis & Roca by John P. Frank, Walter Cheifetz, Allen D. Bucknell, Phoenix, for respondents.

GORDON, Vice Chief Justice:

Petitioner (plaintiff) brings this special action challenging the order of the respondent trial judge denying his motion to dismiss without prejudice. We accepted jurisdiction under Ariz. Const. art. 6, § 5 and, in an order, approved the order of the superior court with opinion to follow. The primary issues raised in this special action are:

(1) Whether the trial judge abused her discretion in denying plaintiff's motion to dismiss his action without prejudice so he could refile his action after the effective date of the Uniform Contribution Among Tortfeasors Act?

(2) Whether the Uniform Contribution Among Tortfeasors Act applies retroactively to actions filed prior to the effective date of the Act? [1]

On October 11, 1983, plaintiff John H. Cheney filed a complaint alleging negligence against defendants Loren V. Grizzard and Tanner Chapel Nursing Home. Two days later on October 13, the summons and complaint were served upon Grizzard. Thereafter an answer was filed. Almost one year later the Arizona Legislature adopted the Uniform Contribution Among Tortfeasors Act, A.R.S. §§ 12–2501 —12–2509 (hereafter referred to as the "Act"). This Act provides for the application of comparative negligence in Arizona and became effective August 31, 1984. Four days prior to the effective date of the Act plaintiff filed a Motion to Dismiss Without Prejudice intending to refile his complaint after the Act became effective to gain the advantage of the new comparative negligence law. At the time plaintiff filed this motion, no "substantive" pretrial motions had been made and no trial date had been set.

Plaintiff filed his motion to dismiss under Rule 41(a)(2), Ariz.R.Civ.P., 16 A.R.S., which allows a plaintiff to dismiss his case without prejudice after an answer has been filed.[2] Rule 41(a)(2) states in relevant part:

"Except as provided in paragraph 1 of this subdivision of this Rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal

---

1. We do not decide in this case whether the Uniform Contribution Among Tortfeasors Act applies to actions which occurred prior to the effective date of the Act but which are filed after the effective date of the Act. We are merely deciding whether the Act applies to an action filed before the effective date that occurred before that date.

2. Before an answer is filed, plaintiff has an absolute right to voluntarily dismiss his complaint, which is accomplished automatically by plaintiff's filing a notice of dismissal. *See* Rule 41(a)(1), Ariz.R.Civ.P., 16 A.R.S.

under this paragraph is without prejudice."

The right to dismiss after an answer has been filed, however, is discretionary with the trial court, and must be made by motion with notice to the defendants, a hearing and a court order. *Goodman v. Gordon*, 103 Ariz. 538, 447 P.2d 230 (1968). In exercising this discretion, the court in *Goodman* declared that "only the most extraordinary circumstances will justify the trial court in refusing to grant a motion by plaintiff to dismiss without prejudice." 103 Ariz. at 541, 447 P.2d at 233. The court set out guidelines as to when the circumstances would be considered "extraordinary":

> "[T]he question to be resolved is whether 'the defendants acquired in the course of these proceedings some *substantial right* or advantage which will be lost or rendered less effective by a dismissal without prejudice * * *. The court is concerned with the deprivation of substantial legal rights, *such as loss or unavailability of a defense,* and not mere convenience, or easy accessibility, to proof.'" (emphasis added)

103 Ariz. at 541, 447 P.2d at 233, quoting *United States v. E.I. DuPont De Nemours & Co.*, 13 F.R.D. 490 (D.C.Ill.1953). Seeking a dismissal to gain a tactical advantage, however, is not sufficient to justify refusal to dismiss. *See Goodman, supra; New York, C. & St. L.R. Co. v. Vardaman*, 181 F.2d 769 (8th Cir.1950); *Nixon Construction Co. v. Frick Co.*, 45 F.R.D. 387 (D.C. N.Y.1968). Furthermore, the mere prospect of a second suit does not constitute substantial prejudice. *See Penunuri v. Superior Court*, 115 Ariz. 399, 565 P.2d 905, (1977); *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849 (1947).

The facts in the case at bar indicate that plaintiff's reason for seeking a dismissal without prejudice was so he could refile under the new law and gain the application of comparative negligence instead of contributory negligence. We believe that the unavailability of the contributory negligence defense deprives defendant of a substantial right. *Cf. Mercier v. Mercier*, 432 N.Y.S.2d 123, 103 Misc.2d 1029 (1980) (court held husband would be substantially prejudiced by wife's dismissal of her counterclaim for divorce to refile and take advantage of the new equitable distribution law.)

Contributory negligence is an affirmative defense in Arizona. *See* Ariz. Const. art. 18, § 5; *Pearson & Dickerson Construction, Inc. v. Harrington*, 60 Ariz. 354, 137 P.2d 381 (1943). Prior to the adoption of the Act, it was well established that plaintiff's contributory negligence, if a proximate cause of his injuries, could operate as an absolute bar to plaintiff's recovery in a negligence action. *See Sanders v. Beckwith*, 79 Ariz. 67, 283 P.2d 235 (1955). To bar recovery, it is not necessary that the negligence of the plaintiff contribute "substantially" to the injury complained of. Plaintiff's negligence may bar his recovery if it contributes in any degree, even only slightly, to his injury. *McDowell v. Davies*, 104 Ariz. 69, 448 P.2d 859 (1968). Application of the doctrine of contributory negligence as would deprive plaintiff of the right of recovery was and still is a question for the jury. A.R.S. § 12–2505(A); *Layton v. Rocha*, 90 Ariz. 369, 368 P.2d 444 (1962); *Campbell v. English*, 56 Ariz. 549, 110 P.2d 219 (1941). Thus slight negligence on the part of a plaintiff could prompt the jury to apply contributory negligence and deny him damages.

After the Act, however, slight negligence by plaintiff will not bar his damage action, but rather plaintiff's damages are reduced in proportion to the relative degree of plaintiff's fault which is the proximate cause of the injury or death. A.R.S. § 12–2505. Thus, even though plaintiff may be 90% at fault a jury applying comparative negligence could award plaintiff 10% of the total damages proved, which could be very substantial, whereas under the old law recovery would probably be nothing. We believe that the loss of the contributory negligence defense is substantial and constitutes extraordinary circumstances. *Crawford v. Superior Court*, 144 Ariz.

498, 698 P.2d 743 (App.1984) (defense of contributory negligence is a substantial legal right). Plaintiff's right to dismiss without prejudice was addressed to the sound discretion of the trial court, and we will not overturn the exercise of such discretion absent abuse. *Colfer v. Ballantyne*, 89 Ariz. 408, 363 P.2d 588 (1961). We find that the trial judge did not abuse her discretion in this case.

Plaintiff next argues that the new comparative negligence law applies retroactively to his action which was filed prior to the effective date of the Act. We disagree as the statute clearly prohibits such a result.

■ In Arizona, a statute will have prospective operation, unless it was intended to have retroactive effect. *Stanley v. Stanley*, 112 Ariz. 282, 541 P.2d 382 (1975). The Legislature must expressly declare an intent in the statute that it applies retroactively. A.R.S. § 1-244;[3] *State v. Pickrell*, 136 Ariz. 589, 667 P.2d 1304 (1983). We find nothing in the Act that indicates an intent to apply to cases filed before the effective date. Instead the Legislature picked a specific date on which the Act was to be effective, August 30, 1984,[4] and stated that it was to apply prospectively to actions filed on or after that date.

"Sec. 3. **Applicability.**

"The provisions of title 12, chapter 16, article 1, Arizona Revised Statutes, as added by this act, *only apply to actions filed on or after the effective date* of this act." (emphasis added)

1984 Arizona Sessions Laws 881 Ch. 237, § 3. We can discern no plainer language manifesting an intent to act prospectively. We find that the Act does not apply to actions filed prior to the effective date.

Prayer for relief denied.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.

3. **"A.R.S. § 1-244. Retroactivity of statutes**
"No statute is retroactive unless expressly declared therein."

4. **"Sec. 5. Effective date.**
"This act is effective from and after August 30, 1984." 1984 Arizona Session Laws 881 Ch. 237, § 5.