NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

NATHANIEL A. CALDERON, individually, *Plaintiff/Appellee,*

*v.*

KIMBERLY MENNENGA, *Defendant/Appellant.*

No. 1 CA-CV 14-0751
FILED 3-1-2016

Appeal from the Superior Court in Maricopa County
No. CV2013-006319
The Honorable James T. Blomo, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

The Cavanagh Law Firm, P.A., Phoenix
By William F. Begley, Steven D. Smith, Brett T. Donaldson
*Counsel for Defendant/Appellant*

The Brill Law Firm, PLLC, Scottsdale
By Daniel S. Brill
*Counsel for Plaintiff/Appellee*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Randall M. Howe joined.

**T H U M M A**, Judge:

¶1          Defendant Kimberly Mennenga appeals from the superior court's dismissal without prejudice of plaintiff Nathaniel Calderon's personal injury action against her, with each party to bear their own fees and costs. Treating Mennenga's timely appeal as a petition for special action, the court accepts jurisdiction but denies relief.

## FACTS AND PROCEDURAL HISTORY

¶2          In November 2011, Mennenga was driving on a Phoenix freeway and ran into Calderon's car, causing property damage later quantified as $14.40. In March 2013, Calderon filed this case, claiming Mennenga's negligence caused the accident and caused Calderon property damage and personal injury. Calderon's filings stated the case was subject to compulsory arbitration, meaning the amount in controversy did not exceed $50,000. *See* Ariz. R. Civ. P. 72-77 (2016);[1] Maricopa Co. L.R. 3.10(a). Mennenga's answer admitted fault but denied injuring Calderon.

¶3          Mennenga made a timely offer of judgment for $500, which Calderon did not accept. *See* Ariz. R. Civ. P. 68. After an evidentiary hearing, the arbitrator found for Mennenga and ordered Calderon to pay $2,575.51 in taxable costs plus interest. Calderon appealed the arbitrator's decision to the superior court for a de novo trial.

¶4          The superior court set trial for October 2014. The parties engaged in various pretrial motion practice, including Mennenga's motion for cost bond and related filings; a non-party's motion to quash a subpoena served by Mennenga and related filings, including Mennenga's unsuccessful request for sanctions and motion to strike; and Mennenga's motion to depose various non-party witnesses and related filings, including Mennenga's unsuccessful motion to strike.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶5        In mid-August 2014, Calderon filed a motion to dismiss, "with each side to bear its own costs and fees." The motion stated that the case arose out of a "collision that caused $14.40 in property damage;" that Mennenga's insurer "currently has some 72 witnesses listed" and that, at a settlement conference, Calderon offered to dismiss on the same terms but that Mennenga's insurer refused, "claiming there were currently too many costs to be paid back on its end."

¶6        Mennenga opposed Calderon's motion, stating "the only way" for Calderon "and his counsel to extract themselves from this litigation is if they are subject to a judgment in" Mennenga's favor and sought more than $10,000 in attorneys' fees and nearly $11,000 in costs against Calderon. Noting that granting Calderon's motion was "discretionary with the court, but a hearing is required before such a motion can be granted" according to *Goodman v. Gordon*, 103 Ariz. 538, 540 (1968), Mennenga requested oral argument but did not request an evidentiary hearing or suggest what additional information would be shown at such a hearing. Simultaneously with her opposition to the motion to dismiss, Mennenga: (1) filed a 29-page application for attorneys' fees pursuant to Ariz. R. Civ. P. 77(f) and A.R.S. § 12-349; (2) filed a verified statement of costs and "notice of taxation;" and (3) lodged a proposed form of judgment reflecting the relief Mennenga was requesting. After Calderon filed a reply, but without holding oral argument, the superior court granted Calderon's motion and dismissed the case without prejudice, "with each side to bear its own costs and fees." *See* Ariz. R. Civ. P. 41(a)(2) (noting, unless otherwise specified, such a dismissal "is without prejudice").

¶7        Mennenga then filed an untimely motion for new trial, *see* Ariz. R. Civ. P. 59, and two weeks later, a timely 68-page motion for relief from judgment, *see* Ariz. R. Civ. P. 60(c), and a timely notice of appeal to this court. Although the superior court set oral argument on Mennenga's Rule 60 motion, and her applications for fees and costs, Mennenga later asked that oral argument be vacated, given that her notice of appeal divested the superior court of jurisdiction. At Mennenga's request, the superior court vacated oral argument.

**DISCUSSION**

I.     **Jurisdiction.**

¶8        This court's appellate jurisdiction is purely statutory. Ariz. Const. art. 6, § 9; *Hall Family Props., Ltd. v. Gosnell Dev. Corp.*, 185 Ariz. 382, 386 (App. 1995). A decision beyond the limits of statutory appellate

jurisdiction is a nullity. *State v. Avila*, 147 Ariz. 330, 334 (1985). Accordingly, this court has an independent duty to determine whether appellate jurisdiction is present. *Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465 (App. 1997).

**¶9** Mennenga appeals from a dismissal without prejudice, which is not a judgment or an appealable order, meaning this court lacks appellate jurisdiction. *See Kool Radiators, Inc. v. Evans*, 229 Ariz. 532, 534 ¶ 8 (2012) (citing cases). It does not appear, however, that either party has "an equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a). Accordingly, sua sponte treating Mennenga's putative appeal as a petition for special action, this court exercises its discretion to accept special action jurisdiction. *See* A.R.S. § 12-120.21(A)(4); Ariz. R.P. Spec. Act. 1(a); *accord State v. Bayardi*, 230 Ariz. 195, 197-98 ¶ 7 (App. 2012).

## II. Mennenga Has Not Shown The Superior Court Erred In Dismissing The Case Pursuant To Ariz. R. Civ. P. 41(A)(2) Without First Holding A Hearing.

**¶10** The superior court was authorized to grant Calderon's motion to dismiss by "order of the court and upon such terms and conditions as the court deems proper." Ariz. R. Civ. P. 41(a)(2). Citing *Cheney v. Superior Court*, 144 Ariz. 446 (1985), and *Goodman*, Mennenga argues "there 'must be' a hearing" before the superior court could resolve Calderon's motion to dismiss. Although Mennenga noted in her response to the motion to dismiss a belief that *Goodman* required a hearing, she did not request such a hearing, requesting oral argument instead. Moreover, Mennenga had a full and fair opportunity to oppose Calderon's motion, did so in writing and submitted nearly 40 pages of filings in opposing Calderon's motion and seeking fees and costs. Mennenga did not attempt to show what additional information she would or could have offered had a hearing been held in open court. Mennenga's claim of error regarding the hearing requires a showing of prejudice, and Mennenga did not show prejudice in the court resolving the motion to dismiss on this record without sua sponte setting and holding a hearing.

**¶11** Mennenga correctly quotes *Cheney* as stating: "The right to dismiss after an answer has been filed, however, is discretionary with the trial court, and must be made by motion with notice to the defendants, a hearing and a court order." 144 Ariz. at 448 (citing *Goodman*, 103 Ariz. 538). *Cheney*, however, affirmed the *denial* of a motion to dismiss without prejudice. 144 Ariz. at 447. Accordingly, there was no need in *Cheney* to

decide whether a hearing was required, let alone whether such hearing was required when the parties did not request one.

¶12            In *Goodman*, the superior court granted a motion to dismiss before the defendant had filed a response. 103 Ariz. at 539. When the defendant objected, the court set aside the dismissal and, after a hearing, determined that dismissal was inappropriate. *Id.* On plaintiff's request for interlocutory review, the Arizona Supreme Court overturned the superior court's determination, noting that "only the most extraordinary circumstances will justify the trial court in refusing to grant a motion by a plaintiff to dismiss without prejudice," and concluding the defendant had not established such circumstances. *Id.* at 539, 541. Because a hearing was held, the reference to the need for a hearing in *Goodman* is dicta. And as with *Cheney*, *Goodman* does not suggest in any way that a hearing is mandated in the absence of a request. Given Mennenga's failure to request an evidentiary hearing, her lengthy written filings and her failure to claim or show prejudice from the court not holding such a hearing, she has not shown that *Cheney* or *Goodman* compel reversal here.

¶13            *Goodman* does make clear that the superior court must consider the impact dismissal would have on all parties and act equitably. *Id.* at 540-41. This is consistent with cases from other jurisdictions holding that all parties must have the opportunity to be heard before dismissal is ordered, not that a hearing in open court must be held any time dismissal is requested. *See Puerto Rico Mar. Shipping Auth. v. Leith*, 668 F.2d 46, 51 (1st Cir. 1981) (holding hearing is not required before dismissing case if trial court is familiar with case and defendant had an opportunity to be heard on motion to dismiss); *Johnston v. Cartwright*, 355 F.2d 32, 40 (8th Cir. 1966) (holding hearing was not necessary where defendant's attorney had notice of motion to dismiss but sought no protective relief). Clearly, although no oral argument or hearing was held, Mennenga had the opportunity to be heard before the superior court granted Calderon's motion to dismiss in this case.

### III.    Mennenga Has Not Shown The Superior Court Denied Her A Substantial Right.

¶14            Mennenga argues she had a substantial, but apparently not vested, right to attorneys' fees and costs, meaning dismissal without awarding fees and costs was an abuse of discretion. In essence, Mennenga claims the superior court lacked the discretion to dismiss the case unless it awarded her fees and costs. Mennenga, however, cites no authority for this proposition. Nor has she shown how her argument can be squared with the

discretion vested in the superior court, allowing dismissal "upon such terms and conditions as the court deems proper." Ariz. R. Civ. P. 41(a)(2).

**¶15** Mennenga does not claim a substantial right to fees and costs from the arbitrator's award, but rather claims such a right because "[h]ad this case gone to trial, Mennenga would likely have been awarded her costs pursuant to A.R.S. § 12-341, as well as Rule[s] 68(g) and 77(f)." Mennenga cites no authority for the proposition that a possibility of success at trial, or likelihood of an award of fees and costs depending upon the result of a trial, constitutes a substantial right to such expenses before trial. Nor do her claims under the cited statute and rules compel such a conclusion.

### A. The Superior Court Was Not Required To Award Costs Under A.R.S. § 12-341.

**¶16** "The successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law." A.R.S. § 12-341. Where a case is dismissed without prejudice based on plaintiff's inaction (and, by extension, on plaintiff's motion), "the defendant *may* be considered the successful party for purposes of recovering costs pursuant to A.R.S. § 12-341." *Harris v. Reserve Life Ins. Co.*, 158 Ariz. 380, 385 (App. 1988) (emphasis added). The superior court, however, "has substantial discretion to determine who is a successful party." *Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 223 (App. 2012) (citation omitted). An abuse of discretion occurs when discretion is exercised in a way that is manifestly unreasonable or on untenable grounds or for untenable reasons. *Quigley v. City Court of City of Tucson*, 132 Ariz. 35, 37 (App. 1982).

**¶17** Mennenga cites *Harris* for the proposition that the defendant is the successful party when a plaintiff voluntarily dismisses the case. *Harris* however, says that the superior court *may* find the defendant in such a case to be the successful party. 158 Ariz. at 385. Because Mennenga has not shown the superior court abused its discretion in finding she was not the successful party, she has failed to show the court abused its direction in declining to award costs pursuant to A.R.S. § 12-341.

### B. The Superior Court Was Not Required To Award Sanctions Pursuant To Rules 68(g) Or 77(f).

**¶18** A superior court is required to impose sanctions where a "judgment" ultimately entered does not exceed an offer of judgment, Ariz. R. Civ. P. 68(g) (allowing sanctions where offeree "does not later obtain a more favorable judgment" than offer of judgment), or an arbitration award,

Ariz. R. Civ. P. 77(f) (allowing sanctions if "judgment on the trial *de novo* is not more favorable," in specified way, than arbitration award). A judgment, however, is "a decree and an order from which an appeal lies." Ariz. R. Civ. P. 54(a). As noted above, no judgment was entered in this case and a dismissal without prejudice is not "an order from which an appeal lies." *Id.*; *see also Kool Radiators Inc.*, 229 Ariz. at 534.[2] Accordingly, because the dismissal without prejudice was not a judgment within the meaning of Rule 54(a), the sanctions listed in Rules 68(g) and 77(f) are not applicable.

**CONCLUSION**

**¶19**      The superior court, in considering a motion made pursuant to Rule 41(a)(2), has broad discretion in determining any conditions of dismissal on "such terms and conditions as the court deems proper." Ariz. R. Civ. P. 41(a)(2). In this case, the superior court had various alternatives, ranging from the order issued to imposing substantial cost shifting from Mennenga to Calderon as a condition of dismissal. That court, after a full and fair opportunity for Mennenga to address what those terms and conditions should include, exercised its discretion and dismissed the case with each party to bear its own fees and costs. On this record, Mennenga has not shown that conclusion was an abuse of discretion. Accordingly, and treating the timely, putative appeal as a petition for special action, this court accepts special action jurisdiction but denies relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[2] Although not cited by the parties, this court has held that a dismissal may be a final order in certain circumstances as it pertains to attorneys' fees. *See Callanan v. Sun Lakes Homeowners' Ass'n No. 1, Inc.*, 134 Ariz. 332, 335 (App. 1982). Unlike this case, however, the appeal in *Callanan* was from the fee award only, not from the dismissal of the case. *Id.* at 334. In addition, the holding in *Callanan* was specific to a statute that has since been repealed, and is thus not applicable here. *Id.* at 337.