NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

HOLLIS E. CROWE, II, *Plaintiff/Appellant*,

*v.*

CAROL F. BRACALE, *Defendant/Appellee*.

No. 1 CA-CV 17-0696
FILED 11-1-2018

Appeal from the Superior Court in Maricopa County
No. CV2015-006271
The Honorable Kerstin G. LeMaire, Judge

**REVERSED IN PART; VACATED IN PART**

COUNSEL

Matt Palmer Law Firm P.L.C., Mesa
By Matt Palmer
*Counsel for Plaintiff/Appellant*

Bluff & Associates, P.C., Phoenix
By Guy W. Bluff, Bruce A. Smidt
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Vice Chief Judge Peter B. Swann and Judge David D. Weinzweig joined.

---

**J O N E S**, Judge:

**¶1**        In 2015, Hollis Crowe, II, sued Carol Bracale for breach of contract.   Nearly sixteen months later, Crowe moved to dismiss his complaint with prejudice with each side bearing its own attorneys' fees and costs.   Although Bracale did not oppose a voluntary dismissal with prejudice, she did oppose the condition that she be precluded from pursuing attorneys' fees and costs against Crowe under Arizona Revised Statutes (A.R.S.) §§ 12-341[1] and -341.01.   In reply, Crowe asked the trial court to deny his motion if it were inclined to award fees and instead allow him to proceed with litigation.   The court granted Crowe's motion and dismissed the complaint with prejudice, but awarded Bracale $15,329 in fees and costs.

**¶2**        On appeal, Crowe argues the trial court abused its discretion when it imposed additional conditions upon his voluntary dismissal contrary to those specifically articulated within his request.   We hold that when a plaintiff moves to dismiss his complaint with prejudice, the court may not grant the dismissal while imposing conditions that are contrary to the plaintiff's proffered terms and over his objection.   Accordingly, we reverse the order of dismissal and vacate the award of attorneys' fees and costs.

## DISCUSSION

### I.        Jurisdiction and Waiver

**¶3**        Bracale first argues this Court lacks jurisdiction to consider the dismissal because Crowe's notice of appeal only identifies "the Minute Entry Denying Plaintiff's Motion for New Trial" and "the Final Judgment." "Generally, when a notice of appeal following a motion for new trial does

---

[1]        Absent material changes from the relevant date, we cite the current version of rules and statutes.

not specifically or separately appeal the underlying judgment, [appellate] review is limited to issues raised in the motion." *See Watts v. Medicis Pharm. Corp.*, 236 Ariz. 511, 516, ¶ 17 (App. 2015) (citing *Sandretto v. Payson Healthcare Mgmt., Inc.*, 234 Ariz. 351, 355, ¶ 7 (App. 2014)), *vacated in part on other grounds*, 239 Ariz. 19 (2016). However, this Court will liberally construe a notice of appeal "if the result is neither misleading nor prejudicial to the appellees involved." *Hanen v. Willis*, 102 Ariz. 6, 8-9 (1967).

**¶4** In *Watts*, this Court held it had jurisdiction to consider issues raised within an earlier motion to dismiss even though the appellant's notice of appeal only referred to the trial court's ruling denying a motion for new trial. 236 Ariz. at 515, ¶ 14. There, the record indicated that: the motion for new trial was based upon an asserted error in the underlying dismissal, the trial court had specifically referenced the pleadings from the underlying dismissal, and the notice of appeal had referenced the "final ruling of the court." *Id.* at 515-16, ¶ 19. Under those circumstances, the appellee could not show any prejudice from the appellant's failure to specifically reference the underlying judgment. *Id.* at 516, ¶ 20; *see also Hanen*, 102 Ariz. at 9 ("[W]hen adequate notice to appeal has been given to the other party, no mere technical error should prevent the appellate court from reaching the merits of the appeal.").

**¶5** Similarly, Bracale fails to allege, let alone establish, any prejudice from Crowe's failure to specifically reference the order dismissing the case with prejudice. Indeed, as did the appellee in *Watts*, Bracale responds fully to the merits of Crowe's arguments. Moreover, Crowe's motion for new trial was premised, in part, upon an asserted error in the underlying dismissal: that the trial court "should not have dismissed the case with prejudice unless it also ruled that each side would bear their own fees." Although the court here did not specifically reference the motion to dismiss within its order denying the motion for new trial, Bracale incorporated her response to the motion to dismiss by reference, and the court "confirm[ed] the prior dismissal of Crowe's complaint with prejudice" within its final judgment. Accordingly, we conclude Crowe's notice of appeal is sufficient to invoke our jurisdiction to review the underlying dismissal.

**¶6** Bracale also argues Crowe is judicially estopped from relying upon Arizona Rule of Civil Procedure 41(a)(2) (governing a plaintiff's voluntary dismissal) because Crowe explicitly disavowed Rule 41's

applicability in the motion for new trial proceedings.[2]   Although Crowe rejected Rule 41's applicability below, his underlying arguments were not inconsistent with the rule.  Indeed, Bracale was the first party to suggest Rule 41 governed the motion and argued its applicability in its response to the motion for new trial.  Accordingly, we do not find that Crowe has waived this issue on appeal.  *Cf. Magma Copper Co. v. Indus. Comm'n*, 139 Ariz. 38, 48 (1983) ("Waiver . . . is not based on the unimportant mistake of failing to cite the statute by its correct number . . . [but] rather, upon the failure to raise the issue."); *Lundy v. Lundy*, 242 Ariz. 198, 201, ¶ 13 (App. 2017) (holding a party's failure to cite the applicable section of the child support guidelines did not constitute waiver).

## II.     Voluntary Motion to Dismiss

**¶7**          "Rule 41(a)(2) is based upon former rules of equity practice, and it confers equitable powers on the court." *State ex rel. Corbin v. Portland Cement Ass'n*, 142 Ariz. 421, 424 (App. 1984) (citations omitted).  When resolving a Rule 41(a)(2) motion, whether with or without prejudice, the trial court must consider the equities of both the plaintiff and the defendant. *See Goodman v. Gordon*, 103 Ariz. 538, 540 (1968).  Accordingly, we review the grant of a voluntary motion to dismiss for an abuse of discretion.  *See Corbin*, 142 Ariz. at 424 (citing *Goodman*, 103 Ariz. at 540, and *Wustrack v. Clark*, 18 Ariz. App. 407, 409 (1972)).

**¶8**          The operative word in this case is "voluntary."   Crowe *voluntarily* moved to dismiss his own case — limited only by the specific condition that each side bear its own attorneys' fees and costs.  The trial court, however, ordered the dismissal but ignored the specific condition, which ultimately rendered the dismissal *involuntary*.  By doing so, the trial court ignored Crowe's right to continue litigating and therefore abused its discretion.  *See Goodman*, 103 Ariz. at 540 ("A failure to consider the

---

[2]     Crowe's reluctance to rely upon Rule 41 in the proceedings below appears to stem from a paragraph in *Damron v. Sledge*, 105 Ariz. 151, 153 (1969), which, when taken out of context, could be interpreted to exclude a voluntary motion to dismiss with prejudice from Rule 41.  *Damron* clearly did not intend this result because the plain language of both the 1969 version of Rule 41 and its current form clearly contemplate its application to voluntary dismissals with prejudice.  *See* Ariz. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this Rule 41(a)(2) is without prejudice.").  Moreover, no other rule of civil procedure provides a means by which a plaintiff might bring a voluntary motion to dismiss with prejudice.

plaintiff's equities is a denial of a full and complete exercise of judicial discretion.") (quoting *Lunn v. United Aircraft Corp.*, 26 F.R.D. 12, 18 (D. Del. 1960)).

## CONCLUSION

**¶9**　　　We reverse the order dismissing Crowe's complaint with prejudice and vacate the award of attorneys' fees and costs attendant to that dismissal.

**¶10**　　　Both parties request an award of attorneys' fees incurred on appeal pursuant to A.R.S. § 12-341.01(A) (authorizing an award of attorneys' fees to the successful party in an action arising out of contract). In our discretion, we decline to award fees on appeal. As the prevailing party, Crowe is entitled to his costs incurred on appeal upon compliance with ARCAP 21(b).



AMY M. WOOD • Clerk of the Court
FILED:　AA