**Ila B. DONALDSON, as Personal Representative of the Estate of William L. Donaldson, for herself and for the benefit of Michael W. Donaldson, a minor; Edna B. Thompson, as personal Representative of the Estate of Donna A. Long, for the benefit of Valerie E. Long, a minor; Frank E. Peck and Charlotte H. Peck, as legal guardians of Valerie E. Long, a minor; and National General Insurance Company, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

No. 84–8621–CIV.

United States District Court, S.D. Florida, N.D.

April 22, 1986.

Carey L. Ewing, Barwick & Dillian, P.A., Miami Shores, Fla., for plaintiffs.

Tara C. Neda, Trial Atty., Civ. Div., Torts Branch, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the motion of the defendant, the United States of America, for an order that Arizona tort law be applied to determine the liability of the defendant. The plaintiffs, in response to the motion of the United States, have urged the court to apply the tort law of the State of Florida. The court has considered the arguments raised by the parties, in addition to the relevant case and statutory law, and has concluded that the law of Arizona is the appropriate law to be applied in this case, with regard to the liability of the defendant.

## I. FACTS

This action is brought under the Federal Tort Claims Act (FCTA) for wrongful death, survival damages and property damages. The claims arose out of an airplane accident which took place approximately forty miles outside of Phoenix, Arizona, on March 18, 1982. The airplane was on an altered route from Phoenix to Amarillo, Texas, when the crash occurred. The airplane, a Cessna 401A aircraft, was operated by Air Security Transport, a Florida corporation. The pilot of the plane, William Donaldson, a Florida resident, perished in the crash. The other occupants of the aircraft were a security guard, Donna Long, and five prisoners who were being transported in the plane.

The plaintiffs allege that the defendant, the United States of America, through Federal Aviation Administration (FAA) employees, negligently provided weather information to the pilot and that this faulty information was the proximate cause of the crash.

Plaintiff Ila B. Donaldson is a resident of the State of Florida, and brings her action on behalf of herself and her son, as the personal representative of her husband's estate. Ila B. Donaldson's husband was the pilot of the airplane.

Plaintiff Edna Thompson is also a resident of the State of Florida and brings her action for the death of her daughter, Donna Long, the security guard who was killed in the accident. Plaintiffs Frank and Charlotte Peck, both residents of Texas, bring their action on behalf of Valerie Long, daughter of Donna Long. The Pecks are

the current legal guardians of Valerie Long.

Plaintiff National General Insurance Company, the insurer of Air Transport Inc., brings this action to recover payments it made in the settlement of personal injury, wrongful death and property loss claims which arose by virtue of this accident. National General Insurance is incorporated and has its principal place of business in the State of Missouri.

## II. APPLICABLE LAW

### A) Federal Tort Claims Act

This case was brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) and §§ 2671–80. The FTCA confers jurisdiction on federal district courts over claims brought:

> [F]or injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

The Supreme Court has construed the FTCA to require federal courts to apply "the whole law of a State where the act or omission occurred." *Richards v. United States*, 369 U.S. 1, 11, 82 S.Ct. 585, 592, 7 L.Ed.2d 492 (1962). The "whole law of a State" has been held to include the choice of law rules of that State. *Id.* at 9, 82 S.Ct. at 591.

█ The alleged governmental negligence in this case, the faulty weather briefing, occurred in Arizona. Therefore, this court must look to Arizona choice of law rules to determine which state substantive law to apply in this case, in so far as the issue of liability is concerned.

### B) Arizona Conflicts of Law Rules

Both the plaintiffs and the defendant have concluded that Arizona has rejected the old *lex loci delicti* rule and now instead applies the "significant relationship test" of the Restatement (Second) of Conflicts of Laws. (Restatement (Second)). Plaintiffs' Memorandum at 4 and Defendant's Memorandum at 4. An examination of recent Arizona case law seems to bear out this assertion.

In 1968, in *Schwartz v. Schwartz*, 103 Ariz. 562, 563, 447 P.2d 254, 255, the Arizona Supreme Court applied the significant relationship test to a case involving personal injuries arising out of an automobile accident. In *Schwartz*, the Arizona Supreme Court specifically rejected the *lex loci delicti* rule. *Id.*, 447 P.2d at 256–257.

The Arizona Supreme Court reaffirmed the holding of *Schwartz*, in 1983, and again applied the "rules embodied in the Restatement Second as the rules" to be applied in Arizona, in a personal injury case arising out of an injury sustained by visitors on a friend's land. *Wendelken v. Superior Court*, 137 Ariz. 455, 457, 671 P.2d 896, 898 (1983). Both parties were domiciliaries of Arizona, although the injury occurred on the defendant's land in Mexico. Again the Supreme Court of Arizona rejected the rule of *lex loci delicti*. *Id.*, 671 P.2d at 898.

Finally, in 1985, the Arizona Supreme Court again applied the Restatement test to an action for the wrongful death of two individuals who were killed in an airplane crash which occurred in the State of Colorado. *Bryant v. Silverman*, 146 Ariz. 41, 42, 703 P.2d 1190, 1191 (1985).

The recent case law of Arizona, therefore, seems to indicate that the Restatement (Second) approach has become firmly entrenched and that the rule of *lex loci delicti* has been discarded. However, a closer examination of Arizona law complicates the question at issue in the case at bar and casts some doubt on this conclusion.

### 1) Arizona Revised Statute § 28–1704

In 1973, the Arizona Legislature enacted a statute which speaks specifically to

choice of law considerations involving aircraft accidents:

> Crimes, torts or other wrongs committed by or against an aeronaut or passenger while in flight over this state shall be governed by the law of this state. The question whether damage occasioned by or to an aircraft while in flight over this state constitutes a tort, crime or other wrong by or against the owner of the aircraft shall be determined by the law of this state.

Ariz.Rev.Stat.Ann. § 28–1704 (1976).

The parties have not provided, nor has the court found any Arizona case interpreting this statute.[1] On its face, the statute appears to require the application of Arizona substantive law to the case at bar, because the tort, the alleged negligence of the FAA weather briefers, occurred while the airplane was in flight over Arizona.

If Arizona Statute § 28–1704 remains viable in the wake of *Schwartz*, and the cases which follow *Schwartz*, then Arizona substantive law is the appropriate law to determine the issue of liability between the parties.[2]

### 2) Restatement (Second) Approach

In the event that Arizona Revised Statute § 28–1704 no longer commands application of a separate conflicts rule with regard to airplane accidents resulting from torts committed in Arizona air space this court will also apply the significant relationship test of the Restatement (Second) of Conflicts of Laws.

The significant relationship test entails analysis of the factors contained in § 145 of the Restatement (Second) as well as § 6 and, in this case, §§ 147 and 175, which deal with injuries to things and right of action for death.

Section 145 provides courts with the following guidelines:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

>> (a) the place where the injury occurred;

>> (b) the place where the conduct causing the injury occurred;

>> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and

>> (d) the place where the relationship, if any, between the parties is centered.

> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflicts of Laws § 145 (1971).

Section 6 of the Restatement (Second) which is referred to in section 145, delineates the general concerns a court has in dealing with choice of law questions:

> (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

> (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

>> (a) the needs of the interstate and international systems,

>> (b) the relevant policies of the forum,

>> (c) the relevant policies of other interested states and the relative interests

---

1. Statute § 28–1704 was in existence at the time of the Arizona Supreme Court's decision in *Bryant*, a case which also arose out of an airplane crash. However, the factual setting of *Bryant* while it concerned an airplane accident, did not call the statute into play because in *Bryant*, the tort was not alleged to have been committed while the plane was in Arizona air space. In *Bryant*, the alleged tort occurred in Colorado. *Bryant*, 146 Ariz., at 42, 703 P.2d at 1191.

2. The issue of the constitutionality of Arizona Revised Statute § 28–1704 is not before this court, nor does the court make any finding with respect to that question.

of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

*Id.* at § 6.

Sections 147 and 175 provide guidance for choice of law questions which deal with property damage and wrongful death actions. Both sections provide that the "local law of the state where the injury occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence...." *Id.* at §§ 147 and 175.

The principles of §§ 145, 6, 147, and 175, will be applied with respect to the factual circumstances of this case.

### 3) Restatement (Second) Factors

#### a) the place of the injury

While the Restatement (Second) attaches importance to the place where the injury occurred, this concern is only one of the factors to be considered under § 145. Both parties agree that the injury occurred in Arizona, the place of the crash. "However, as several courts have noted, in aircraft accident cases the place of injury is almost always fortuitous and thus not entitled to its usual weight in the choice of laws decision." *Foster v. United States*, 768 F.2d 1278, 1282 (11th Cir.1985) (citations omitted). *Accord Bryant*, 146 Ariz. at 45, 703 P.2d at 1194.

#### b) the place where the conduct causing the injury occurred

There is no dispute that the conduct or misconduct that caused the accident also occurred in Arizona, for Arizona is the State where the allegedly negligent weather briefing took place. In this particular instance because of the fortuity of the place of injury, the place of the conduct causing the injury becomes more significant. *See* Restatement (Second) § 145 (2) comment (e). *See also Foster*, 768 F.2d at 1283. Florida has very little interest in deterring negligent behavior in Arizona.

#### c) domicile of the parties

The facts of this case present more difficulty with respect to the factor of domicile. Plaintiff Ila Donaldson is a Florida resident. Plaintiff Edna Thompson is a Florida resident and is the personal representative of the estate of Donna Long. The Pecks are the guardians of Donna Long's child. They are Texas residents, but Valerie Long, their ward, is apparently subject to the jurisdiction of the Florida courts and her mother's estate is being probated in Florida. Texas, therefore, has less interest in this event than does either Florida or Arizona.

National General Insurance Company is a resident of Missouri. However, its relationship to the parties arose as a result of payment on a claim by its insured Air Security Transport, a Florida corporation.

Finally, defendant the United States conducts its activities in all of the fifty states and cannot be said to have any greater contact with Arizona than it does with Florida.

#### d) the place where the relationship between the parties is centered

The government maintains that the relationship between the parties arose as a result of weather briefing by FAA employees in Phoenix. The plaintiffs maintain that both the originating point of the flight, Florida, and the termination point, which would have have also been Florida, should be considered. The court concludes that the relationship between the parties, at the time of the event in question, was centered in Arizona. *Foster*, 768 F.2d at 1283.

### 4) Choice of Law Under the Significant Relationship Test

■ The question to be resolved is which state, Arizona or Florida, has the most

significant relationship to the parties and the occurrence. This court finds, under the facts of this case, that Arizona has the most significant relationship to the parties and to the occurrence.

The parties have agreed, that the accident occurred in Arizona. Although this is to be given less weight because of the fortuity of the crash occurring there, it should be given some weight. Restatement (Second) of Conflicts of Laws §§ 147 and 175.

Arizona is also the place where the conduct causing the injury occurred. Arizona has a significant interest in deterring tortious conduct committed within its borders. Florida's interest with respect to this factor is slight. *Foster*, 768 F.2d at 1283.

The domiciles of the parties, although not exclusively centered in Florida, are primarily centered in Florida and the estates of the deceased individuals, William Donaldson and Donna Long, are being probated in Florida. Florida, as the state of domicile of most of the plaintiffs, has a significant interest in resolving these claims. *Bryant*, 146 Ariz. at 45, 703 P.2d at 1194. The defendant in this action, the United States, is not a domiciliary of either Arizona or Florida. *Foster*, 768 F.2d at 1284.

The center of the relationship between the parties has been determined to be Arizona.

Once a court has determined the allocation of the Restatement (Second) factors and their relative importance, the court must continue its analysis by determining "whether some other state has a greater interest in the determination of the particular issue than the state where the injury occurred." Restatement (Second) of Conflicts of Laws § 175 comment (d) *quoted in Bryant*, 146 Ariz. at 46, 703 P.2d at 1195.

Florida's interest in compensating its residents for wrongs committed against them is significant. The domiciles of most of the plaintiffs in this case have been found to be Florida and the estates of the plaintiffs' decedents are also being probated in Florida.

However, Arizona's interest in punishing tortfeasors for torts committed within its boundaries from conduct occurring in Arizona, which arose out of a relationship between the parties which was formed in Arizona, is greater than the interest of Florida, under the particular facts of this case.

This conclusion is enhanced by recent changes in Arizona tort law. The plaintiffs have urged the court to apply Florida law because, in their view, Arizona tort law would require application of the doctrine of contributory negligence and would possibly bar the plaintiffs' recovery altogether. Plaintiffs' Memorandum in Opposition at 8. Plaintiffs cite no legal authority to support this statement.

The Arizona Legislature recently enacted a comparative negligence statute, Arizona Revised Statute § 12–2505(A) (1985).[3] This statute became effective on August 30, 1984, and the Legislature of Arizona has indicated that the statute is to be applied to actions *filed* on or after that date.[4] Plain-

---

3. § 12–2505. Comparative negligence; definition

(A) The defense of contributory negligence or of assumption of risk is in all cases a question of fact and shall at all times be left to the jury. If the jury applies either defense, the claimant's action is not barred, but the full damages shall be reduced in proportion to the relative degree of the claimant's fault which is a proximate cause of the injury or death, if any. There is no right to comparative negligence in favor of any claimant who has intentionally, willfully or wantonly caused or contributed to the injury or wrongful death.

Ariz.Rev.Stat.Ann. § 12–2505 (1985).

4. Section 3. Applicability.

The provisions of title 12, chapter 16, article 1, Arizona Revised Statutes, as added by this act, only apply to actions filed on or after the effective date of this act.

1984 Ariz.Sess.Laws 881 Ch. 237, § 3.

The Arizona Supreme Court has held that the statute did not apply to actions *filed before* the effective date of the statute for torts committed *prior* to the effective date. *Cheney v. Arizona Super. Ct. for Maricopa County*, 144 Ariz. 446, 449, 698 P.2d 691, 694 (1985). The Arizona Supreme Court specifically reserved decision on

tiff filed this action in December of 1984. Therefore, the plaintiffs appear to be incorrect, as the new comparative negligence statute would be applied in this case.

■ The basic policy underlying the law of negligence is to compensate the victim and to deter future negligent conduct. Prosser & Keeton on Torts, § 2 (5th ed. 1984). The law of Arizona can adequately carry forth this policy and can adequately represent the interest of Florida in protecting its domiciliaries.

## III. CONCLUSION

After consideration of the facts of this case, the factors enunciated in § 145 of the Restatement (Second), the concerns reflected in §§ 147 and 175 of the Restatement (Second), and of the interests of each state and the parties as expressed in § 6 of the Restatement (Second), Arizona appears to have the most significant relationship to the occurrence and to the parties. As stated above, if Arizona Revised Statute § 28–1704 applies in the context of this case, then Arizona liability law should again be applied, for the reasons already set forth. It is hereby

ORDERED AND ADJUDGED that the motion of the United States that Arizona law determine the liability between the parties, is GRANTED.

whether the statute applied to actions filed after the effective date of the statute for torts occurring prior to the effective date. *Id.* at 447, 698 P.2d at 692 n. 1. *See also Kriz v. Buckeye Petroleum Co., Inc.,* 145 Ariz. 374, 701 P.2d 1182, 1187 (1985) (wherein the Arizona Supreme Court again reserved ruling on whether it is permissible under the Uniform Contribution Among Tortfeasors Act (the statutory chapter within which Arizona's comparative negligence statute is found), to proceed under this chapter "where the tort occurred prior to UCATA but where the tort suit was filed after UCATA's effective date"). To date, there has been no Arizona Supreme Court case deciding this issue. In the absence of such guidance, this court will apply the plain reading of the statute.