Ila B. DONALDSON, etc., et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 84–8621–CIV–GONZALEZ.

United States District Court, S.D. Florida, N.D.

April 13, 1987.

Carey L. Ewing, Barwick & Dillian, P.A., Miami Shores, Fla., for plaintiffs.

Tara C. Neda, Trial Attorney, Civ. Div., Torts Branch, U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

GONZALEZ, District Judge.

**THIS CAUSE** has come before the court upon the motion of the plaintiffs, Ila B. Donaldson, et al., for application of Florida tort law in the determination of damages and the cross-motion of the defendant, the United States of America, for application of Arizona tort law in the determination of damages. This cause was brought pursuant to the Federal Tort Claims Act (FTCA), for wrongful death, survival damages and property damages, allegedly sustained by the plaintiffs' decedents as a result of an airplane accident which occurred in Arizona.

The plaintiffs' factual allegations have been fully set forth by the court in *Donaldson v. United States,* 634 F.Supp. 735 (S.D. Fla.1986). On a prior motion by the defendant, the United States, the court found that the law of Arizona is the appropriate law to be applied with respect to the issue of liability. *Id.* at 735. The parties have now moved for a choice of law determination as to damages.

As the court has previously determined, in cases brought pursuant to the FTCA, the federal district court must apply the choice of law rules of the state in which the accident occurred. *Id.* at 737 (citing *Richards v. United States,* 369 U.S. 1, 9, 82 S.Ct. 585, 590, 7 L.Ed.2d 492 (1962)). Arizona was the situs of the aircraft acci-

dent at issue in the case. Arizona choice of law rules, therefore, must be consulted to determine the issue before the court. *Donaldson,* 634 F.Supp. at 737.

Arizona has seemingly adopted the significant relationship test of the Restatement (Second) of Conflicts of Laws (Restatement (Second)). *Id.*[1] The significant relationship test directs courts when making choice of law determinations to consider "(a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered." Rest. (Second) § 145 (1971). The court is also bound to consider section 6 of the Restatement (Second) in reaching its decision. Section 6 contains policy and comity considerations which are to be used to assist the court in its determination of choice of law questions. These concerns include, *inter alia,* protection of the parties "justified" expectations, "the relevant policies of the other interested states" and "the basic policies underlying a particular field of law." Rest. Second § 6.

The court previously considered the factors contained in section 145, in making its determination that Arizona law was the appropriate law to be applied as to liability. As the court has previously stated, Arizona bears the most significant relationship to the occurrence and to the parties. *Donaldson,* 634 F.Supp. at 741. That conclusion applies with equal force to the issue now before the court, the issue of applicable law as to damages.

Moreover, a reconsideration of the policy concerns reflected in section 6 of the Restatement (Second), supports this conclusion. The plaintiffs, in their memorandum of law in support of their motion, have omitted any discussion of Arizona tort law. The United States, however, contends that Arizona provides for recovery of compensatory as well as punitive damages in actions for wrongful death. The United States is correct in this regard. Arizona

---

1. Arizona also has a statute which purports to require the application of Arizona law to torts arising out of aircraft accidents occurring in

Arizona airspace. *See* Ariz.Rev.Stat.Ann. § 28–1704 (1976); *See also Donaldson,* 634 F.Supp. at 738.

tort law does provide for recovery for punitive damages in actions seeking recovery for wrongful death and for property damage. *See Boies v. Cole,* 99 Ariz. 198, 407 P.2d 917 (1965); *See also Cassel v. Schacht,* 140 Ariz. 495, 683 P.2d 294 (1984) (dicta); Ariz.Rev.Stat. § 12–613 (1982); *Bryant v. Silverman,* 146 Ariz. 41, 42, 703 P.2d 1190, 1191 (1985).

The court, therefore, concludes that Arizona law will adequately protect the parties justified expectations and will fulfill the basic policies of the law of tort. Rest. (Second) § 6. Finally, the concerns of Florida, an interested state, can be amply expressed through the application of Arizona law. The parties, some of whom are Florida domiciliaries, will be afforded a sufficient opportunity to gain redress of their injuries through the use of Arizona law. Accordingly, on the basis of the foregoing discussion, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. That the motion of the plaintiffs, Ila B. Donaldson, et al., for application of Florida law in the determination of damages, be and the same, is **DENIED.**

2. That the cross-motion of the defendant, the United States, for application of Arizona tort law in the determination of damages, be and the same, is **GRANTED.**