698 P.2d 743

**Victoria CRAWFORD, By and Through her next best friend Betty CRAWFORD, Petitioners,**

**v.**

**SUPERIOR COURT of the State of Arizona In and For the COUNTY OF PIMA, Harry Gin, Judge of the Superior Court, Respondent,**

**and**

**TUCSON ELECTRIC POWER COMPANY, an Arizona corporation, Aubrey Francis Powell, Jr. and Jane Doe Powell, husband and wife, and the City of Tucson, a municipal corporation, Real Parties in Interest.**

**No. 2 CA–SA 0155.**

Court of Appeals of Arizona, Division 2.

Dec. 18, 1984.

Review Denied March 5, 1985.

Davis, Siegel & Gugino, P.C., by Michael L. Piccarreta, Tucson, for petitioners.

Corey & Farrell, P.C., by John A. Harper, Tucson, for real parties in interest Tucson Elec. Power Co. and Powell.

Chandler, Tullar, Udall & Redhair, by S. Jon Trachta, Tucson, for real party in interest City of Tucson.

BIRDSALL, Chief Judge.

In June 1983, the petitioners herein filed a complaint in Pima County Superior Court against the real parties in interest seeking to recover damages for injuries to petitioner Victoria Crawford arising from a collision which occurred in 1982 between the latter on her bicycle and a truck driven by an employee of real party in interest Tucson Electric Power Company. In 1984, the Arizona legislature adopted the Uniform Contribution Among Tortfeasors Act, A.R.S. §§ 12–2501 to 2509, made applicable only to actions filed on or after its effective date, August 30, 1984. Laws 1984, Ch. 237, § 3. On June 28, 1984, the petitioners filed a motion to dismiss their complaint without prejudice, pursuant to Rule 41(a)(2), Rules of Civil Procedure, 16 A.R.S. The real parties in interest opposed the motion, which was denied by the trial court. It is from the trial court's denial of the motion that this special action was taken.

The sole issue presented by this special action concerns the propriety of a dismissal of a pending tort action without prejudice in order to allow the plaintiff to refile the action subject to the uniform act. Because the issue presented is one of first impression and of statewide importance, we accept jurisdiction. For the reasons set forth below, however, we deny relief.

Subject to certain exceptions not applicable here, Rule 41 permits a plaintiff to voluntarily dismiss an action at any time prior to service by the defendant of an answer or a motion for summary judgment.

Where the defendant has answered, however, dismissal may not be granted "save upon order of the court and upon such terms and conditions as the court deems proper." Rule 41(a)(2), Rules of Civil Procedure, 16 A.R.S. In *Goodman v. Gordon,* 103 Ariz. 538, 447 P.2d 230 (1968), noting that traditionally a plaintiff had an unqualified right, upon payment of costs, to dismiss without prejudice unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit, the Arizona Supreme Court concluded that while the rule modified the law to place the decision whether to dismiss within the trial court's discretion, "only the most extraordinary circumstances will justify the trial court in refusing to grant a motion by a plaintiff to dismiss without prejudice." 103 Ariz. at 541, 447 P.2d at 233. The court discussed a number of federal decisions addressing the grounds for refusing to dismiss without prejudice and appeared to concur that, in applying the "plain legal prejudice" test, the issue is whether:

> " 'the defendants acquired in the course of these proceedings some substantial right or advantage which will be lost or rendered less effective by a dismissal without prejudice * * *. The court is concerned with the deprivation of substantial legal rights, such as loss or unavailability of a defense, and not mere convenience, or easy accessibility, to proof.' " 103 Ariz. at 541, 447 P.2d at 233, quoting *United States v. E.I. Du-Pont De Nemours & Co.,* 13 F.R.D. 490, 497 (N.D.Ill.1953).

Although this same standard was subsequently followed in *Penunuri v. Superior Court In and For Pima County,* 115 Ariz. 399, 565 P.2d 905 (App.1977), neither case affords much insight into what may constitute a deprivation of substantial legal rights. Clearly, neither the prospect of a second lawsuit, nor the expense and delay incurred, nor extensive preparation for trial will suffice alone, inasmuch as the trial court has the authority under the rule to establish appropriate "terms and condi-

tions" of dismissal to compensate the defendant or otherwise alleviate the prejudice to him. See Rule 41(a)(2), Rules of Civil Procedure, 16 A.R.S. In this case, for example, the petitioners have agreed that all discovery in the present suit may be incorporated into any new proceedings.

The real parties in interest contend that they would suffer loss of a substantial legal right if the action were dismissed without prejudice in that they will be subject to the uniform act in the event a subsequent suit is filed and therefore "the absolute bar of contributory negligence will be lost." According to the real parties in interest, the evidence in this case will show that Victoria Crawford was riding her bicycle on the wrong side of the street at the time the accident occurred, failed to stop for a stop sign, and without slowing rode directly into the path of the oncoming vehicle. Under the prior law, they argue, if a jury were to find that this conduct constituted contributory negligence, the petitioners would be barred from any recovery, whereas under the uniform act such a finding would merely serve to reduce the amount of recovery in proportion to the relative degree of the petitioner's fault. See A.R.S. § 12–2505(A). In sum, the position of the real parties in interest is that the defense of contributory negligence is a "substantial right ... which will be lost or rendered less effective by a dismissal without prejudice." *Goodman v. Gordon*, 103 Ariz. at 541, 447 P.2d at 233. We agree.

Article 18, § 5 of our constitution provides that "[t]he defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury." The broad sweep of this nearly unique provision was addressed in *Heimke v. Munoz*, 106 Ariz. 26, 470 P.2d 107 (1970), where the supreme court noted:

"This Court by a long line of decisions under a variety of circumstances has held that the purpose of Article 18, § 5 was to modify the common law by making the jury rather than the court the sole arbiter of the existence or non-exist-ence of contributory negligence. [citation omitted] *This includes not alone the right to determine the facts, but to apply or not, as the jury sees fit, the law of contributory negligence as a defense.*" 106 Ariz. at 28, 470 P.2d at 109 (emphasis in original).

Thus, the court concluded that "the trial court cannot direct a verdict even though the plaintiff's negligence is undisputed, and the trial court must not, directly or indirectly, tell the jury that it shall return a verdict compatible with the law of contributory negligence as declared by the court." Id. at 30, 470 P.2d at 111.

That the jury had the absolute discretion to determine whether or not to apply the defense did not mean, however, that the jury had the right to apportion damages. If it elected to apply the defense, the plaintiff's recovery was barred. Conversely, if it elected not to apply the defense even though it found that the plaintiff was negligent, it was incumbent upon the jury to award all damages to which the plaintiff was legally entitled as shown by the evidence. *Hernandez v. State*, 128 Ariz. 30, 623 P.2d 819 (App. 1980); *Anderson v. Muniz*, 21 Ariz.App. 25, 515 P.2d 52 (1974).

Under the uniform act, the jury retains, as it must, the power to determine whether or not to apply the defense of contributory negligence. A.R.S. § 12–2505(A). If it determines to apply the defense, however, the jury is required to apportion damages in accordance with its determination of the relative degree of fault of the parties which is a proximate cause of the injury. Id. Thus, as the real parties in interest argue, if the jury found that the petitioners were ninety percent negligent and determined to apply the defense, under the uniform act it would nevertheless be required to award petitioners ten percent of the amount of damages shown, whereas under the prior law the petitioners' recovery would be completely barred. Although no specific amount was prayed for in the complaint, even ten percent of the petitioners' damages may be substantial.

■ The defense of contributory negligence is clearly a substantial legal right, and while the effect of a dismissal without prejudice so that the petitioners may bring their action under the uniform act would not be the complete loss of that defense, we are compelled to conclude that the defense would be rendered less effective thereby. Accordingly, we hold that the trial court did not abuse its discretion in denying petitioners' motion to dismiss without prejudice and therefore deny relief.

HOWARD and HATHAWAY, JJ., concur.