804 P.2d 765

**LINCOLN FOSSEAT ASSOCIATES, a Texas limited partnership, Plaintiff–Appellee,**

v.

**ARIZONA DEPARTMENT OF REVENUE, Defendant–Appellant.**

No. 1 CA–TX 89–003.

Court of Appeals of Arizona, Division 1, Department T.

May 24, 1990.

Fennemore Craig, P.C. by Timothy Berg and Paul J. Mooney, Phoenix, for plaintiff-appellee.

Robert K. Corbin, Atty. Gen. by Frank L. Migray and Ian A. Macpherson, Asst. Attys. Gen., Phoenix, for defendant-appellant.

## OPINION

JACOBSON, Presiding Judge.

The sole issue in this appeal is whether attorneys' fees and costs incurred by a party in establishing its "entitlement" to fees in the underlying action are precluded by A.R.S. § 12–348(G)(3) as fees "incurred in making application for an award." We hold they are not, and thus we affirm.

## PROCEDURAL HISTORY

In November 1988, Lincoln Fosseat Associates (taxpayer) appealed its property tax valuation for the tax year 1988, naming as defendants both Maricopa County and the Arizona Department of Revenue (Department). *See* A.R.S. § 42–177(C) (Supp.1989). The tax court entered judgment in the taxpayer's favor[1] and ordered a refund of excess property taxes collected. Pursuant to A.R.S. § 12–348(A), the court awarded the taxpayer $4770.00 in attorneys' fees, $750.00 in expert witness fees, and $257.35 in costs against the Department. *See also* A.R.S. §§ 12–332 and 12–341.

The Department objected, arguing, among other things, that it was only a nominal party in the underlying action and therefore was not liable for such an award pursuant to A.R.S. § 12–348(G)(4). After a three-day evidentiary hearing on the nominal party issue, the tax court affirmed its award of attorneys' fees and costs, ruling that the Department was not a nominal party in this case.

The taxpayer then filed a supplemental application for attorneys' fees and costs incurred in connection with the resolution of the Department's nominal party objection. The Department objected to this supplemental application, arguing, among other things, that pursuant to A.R.S. § 12–348(G)(3) the taxpayer was not entitled to fees incurred in defending its initial application for fees. The tax court disagreed and granted the taxpayer's supplemental application, awarding it supplemental attorneys' fees of $5000.00 and costs of $965.44.[2] The Department has appealed

---

1. The underlying issue was whether a 25 percent market factor could be applied to the property's value after full cash value had been determined. Prior to trial, the taxpayer and Maricopa County agreed to remove the market factor, thereby decreasing the valuation of the property. The Department did not appear at the time set for trial, and the tax court entered judgment in favor of the taxpayer pursuant to this agreement.

2. The tax court initially awarded the taxpayer $565.44 in costs. On July 26, 1989, the court

only the granting of supplemental fees and costs.

## DISCUSSION

A.R.S. § 12–348(A)(2) provides that a party who prevails on the merits against the state in an action challenging the assessment or collection of taxes is entitled to an award of fees and other expenses. This recovery is limited by § 12–348(G)(3), which provides that the prevailing party is not entitled "to obtain fees and other expenses *incurred in making application for* an award pursuant to this section for fees and other expenses." (Emphasis added.) At issue in this appeal is whether the taxpayer's supplemental fees and costs resulting from litigation of the Department's nominal party objection were "incurred in making application."

The Department contends that "incurred in making application" contemplates not only the exclusion of time spent preparing the initial application, but also any time spent justifying it. In part, we agree. Obviously, in enacting subsection (G)(3), the legislature intended to exclude the amount of time necessary for the prevailing party to prepare its initial application for fees. Moreover, in our opinion, the legislature also intended to exclude any time expended in justifying that application. Thus, had the taxpayer incurred fees justifying the number of attorney hours billed or the reasonableness of the fees charged,[3] for example, we would have no trouble agreeing with the Department that such fees fell within the exclusion of subsection (G)(3). Here, however, the taxpayer incurred fees, not in justification of its "application," but rather in seeking its statutory entitlement to fees as against the Department's nominal party defense. This issue of whether a taxpayer is entitled to fees in any amount under subsection (A)(2) as against the Department is an initial question of fact and law which, in this case, was extensively litigated. This issue could as well have

arisen in the context of the underlying litigation, rather than post-judgment, and consequently is separate and apart from the "application" for fees.

For this reason, such supplemental fees incurred defending "entitlement" to fees are fundamentally different from fees incurred justifying the "application" for fees. We believe that our interpretation of subsection (G)(3) to embody this distinction serves both the policy and the legislative intent to encourage review of or defense against unreasonable governmental action by entitling the prevailing party to recover its reasonable fees and costs from the state. Laws 1981, Ch. 208, § 1 (1981). To hold otherwise would effectively encourage the Department to resist all applications by raising the nominal party defense, knowing such resistence would be "free." In turn, this would discourage the taxpayer from pursuing its claim for fees against such a defense, contrary to the legislative intent.

In this case, the taxpayer prevailed on the merits in the underlying action and was statutorily entitled to an award of fees against the Department—an award which it could not have recovered without first defending its entitlement thereto. *See Cortaro Water Users' Ass'n v. Steiner,* 148 Ariz. 314, 319, 714 P.2d 807, 812 (1986). We hold that the fees incurred in connection with these supplemental proceedings were not "incurred in making application" for the taxpayer's initial award of fees and costs. We affirm the tax court's award to the taxpayer of its supplemental fees and costs. We grant the taxpayer's request for attorneys' fees and costs on appeal pursuant to A.R.S. § 12–348(A)(2), upon compliance with Rule 21, Arizona Rules of Civil Appellate Procedure.

FIDEL and GERBER, JJ., concur.

---

ordered *nunc pro tunc* correcting this award to reflect the correct amount of $965.44.

**3.** A.R.S. § 12–348(D)(2) provides that an award of attorneys' fees may not be made in excess of $75 per hour, unless the court determines that

an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.