878 P.2d 1375

**TURF PARADISE, INC., an Arizona corporation, Plaintiff, Counter-defendant–Appellee,**

v.

**MARICOPA COUNTY, a political subdivision of the State of Arizona; and the Arizona Department of Revenue, Defendants, Counterclaimants–Appellants.**

No. 1 CA–TX 93–0006.

Court of Appeals of Arizona, Division 1, Department T.

July 28, 1994.

As Corrected July 29, 1994.

Nearhood & Associates, P.C. by James R. Nearhood, Richard D. Nearhood, Scottsdale, for plaintiff, counterdefendant-appellee.

Newmark Irvine, P.A. by Thomas K. Irvine, Jerry A. Fries, Phoenix, for defendants, counterclaimants-appellants.

## OPINION

CONTRERAS, Presiding Judge.

Maricopa County and the Arizona Department of Revenue (referred to hereinafter as "the County") appeal from the Arizona Tax Court's ("tax court") entry of judgment which dismissed plaintiff Turf Paradise, Inc.'s ("Turf Paradise") Complaint and Notice of Tax Appeal and struck the County's counterclaim. The issue presented is whether, once a taxpayer files an action challenging the valuation of its property and then moves to dismiss the action with prejudice, the County can nevertheless continue to maintain an action denominated a "counterclaim" seeking a higher tax valuation pursuant to Ariz. Rev.Stat.Ann. ("A.R.S.") section 42–178. We hold that A.R.S. section 42–178 does not grant a right to the County to independently "counterclaim" for a higher tax valuation, and thus we affirm the tax court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Turf Paradise filed a complaint and notice of property tax appeal for both the 1990 and 1991 tax years, alleging that its property was overvalued. After a trial in the 1990 appeal, the tax court found that Turf Paradise's property was undervalued. However, because the County had not stated in its answer reasons to support its claim that the property was undervalued, the tax court refused to increase the valuation.[1]

1. Turf Paradise timely appealed to this court, and in a memorandum decision, another panel of this court reversed the tax court decision valuing eighty acres of excess land surrounding the racing facilities at $50,000 per acre and ordered the land to be valued at $20,000 per acre. We also dismissed the County's cross-appeal from the tax court's interpretation and application of the "current usage" standard in valuing part of the land because the County was not aggrieved by the portion of the judgment from which it cross-appealed. *Turf Paradise, Inc. v. Maricopa County and Arizona Dept. of Revenue*, 1 CA–TX 92–0009 (App. January 4, 1994).

2. A.R.S. section 42–178(C) provides:

In the 1991 appeal, the County responded by filing an answer and what it designated a "counterclaim" alleging that the subject property's 1991 full cash value was insufficient under the cost method. Several months after the tax court's decision regarding the 1990 tax appeal, Turf Paradise moved to dismiss with prejudice its 1991 appeal and to strike the County's counterclaim. The tax court granted the motions and awarded $6,000 in attorney's fees to the County. The County timely appealed.

## DISCUSSION

I. *The Tax Court Did Not Err in Striking the County's "Counterclaim" for a Higher Tax Valuation of Turf Paradise's Property*

On appeal, the County contends that the 1990 revisions to A.R.S. section 42–178(C) (Supp.1993)[2] give it the right to seek an increase in the full cash value of a taxpayer's property that survives even if the taxpayer requests dismissal with prejudice of the tax appeal. The County argues the legislature intended the revisions in A.R.S. section 42–178(C) to permit the taxing authorities to request an increase if, in the course of investigating and responding to a taxpayer's notice of appeal, they discovered supporting evidence for an increase and that the legislature could not have intended for the taxpayer to evade a tax court order increasing valuation by simply dismissing the appeal with prejudice.

Further, the County contends that by stating the reasons why Turf Paradise's property was undervalued in its answer to Turf Para-

If the court finds that the valuation is excessive or insufficient, the court shall find the full cash value of the property. The court may find a full cash value higher or lower than the full cash value which was appealed regardless of whether the department filed an appeal pursuant to § 42–141, subsection B, paragraph 7. If the department or the county requests an increase in full cash value, the response filed shall contain a statement of the reasons why the valuation or classification is insufficient or erroneous. The full cash value found by the court shall be entered on the tax roll and shall be used to determine the taxes due on the property.

dise's tax appeal and by filing a "counter-claim," it "perfected" a claim for an increase under A.R.S. section 42–178(B), (C), and (D)(3), even though it had no authority to file a direct action seeking an increase in valuation. We conclude, however, that the statute does not create either a permissive or compulsory counterclaim under the Arizona Rules of Civil Procedure that can stand on its own once the tax court dismisses the tax appeal.

■ Interpretation of a statute is a question of law, and we are not bound by a lower court's construction. Rather, we review the matter de novo. *Hampton v. Glendale High Sch. Dist.*, 172 Ariz. 431, 433, 837 P.2d 1166, 1168 (App.1992). In interpreting a statute, we attempt to effectuate the legislative intent behind the statute. *Id.* at 434, 837 P.2d at 1169. We also give the words their ordinary meaning unless the statute offers a different definition or the context suggests a special meaning. *Mid Kansas Fed. Sav. & Loan v. Dynamic Dev.*, 167 Ariz. 122, 128, 804 P.2d 1310, 1316 (1991).

■ First, the County is correct that it does not have the right to file a direct appeal of the valuation of Turf Paradise's property under section 42–178. The right to appeal from a property valuation exists only by virtue of an explicit statutory authorization. *Maricopa County v. Superior Court*, 170 Ariz. 248, 252, 823 P.2d 696, 700 (App.1991). *See also Pima County v. Cyprus–Pima Mining Co.*, 119 Ariz. 111, 113, 579 P.2d 1081, 1083 (1978) (right to appeal is statutory and method is exclusive). The County insists, however, that if it complies with section 42–178(C) and states reasons in its answer to the taxpayer's appeal demonstrating why the property is undervalued, it has perfected a right to seek a higher valuation and that this right cannot be infringed by the taxpayer's unilateral act of filing a motion to dismiss the appeal even if the dismissal sought is "with prejudice."

The County attempts to equate the grant of a statutory remedy with a counterclaim under the Rules of Civil Procedure. We disagree. A counterclaim "is a cause of action in favor of the defendant on which he might have brought a separate action against the plaintiff and recovered a judgment."

*W.J. Kroeger Co. v. Travelers Indem. Co.*, 112 Ariz. 285, 287, 541 P.2d 385, 387 (1975), citing *Valley Gin Co. v. McCarthy*, 56 Ariz. 181, 106 P.2d 504 (1940). Furthermore, "[i]f one is not entitled to relief in a direct action, he is not entitled to assert a setoff or counterclaim." *Occidental Chem. Co. v. Connor*, 124 Ariz. 341, 343, 604 P.2d 605, 607 (1979). There is nothing in section 42–178 that grants the County an independent cause of action against the taxpayer. The request for an increase in valuation is not a "counterclaim" as that term is used in the Rules of Civil Procedure.

Second, no support exists in the statute for the County's theory of "perfecting" a counterclaim simply by doing what the statute directs. If after the taxpayer files an appeal, the department or county requests an increase in valuation, "the response filed shall contain a statement of the reasons why the valuation ... is insufficient or erroneous." A.R.S. § 42–178(C). The County must state the reasons the value is insufficient in part because the statute presumes that the value originally assigned by the County is correct, and the taxpayer challenging the valuation must overcome that presumption. *See* A.R.S. § 42–178(B). If the taxpayer is permitted to contend the property is overvalued, the legislature has specifically provided that the County is permitted to contend it is undervalued.

Nevertheless, in requiring the County to state reasons why its valuation is insufficient, the legislature did not thereby create an independent right to counterclaim for an increase. If the legislature had intended to permit the County to independently pursue a tax increase even after a taxpayer dismissed the tax appeal, it could easily have done so. No evidence of such legislative intent exists here, and therefore, we will not enlarge the scope of the limited and specific statutory remedy provided to the County by A.R.S. section 42–178.

## II. *Arizona Rule of Civil Procedure 41(a)(2) Does Not Prohibit Dismissal with Prejudice of Turf Paradise's Appeal and the Striking of the County's Counterclaim*

■ The County argues that Arizona Rule of Civil Procedure 41(a)(2) prohibited the tax

court from dismissing Turf Paradise's complaint and striking the County's counterclaim against the County's objection. The rule provides:

> Except as provided in paragraph 1 of this ... Rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. *If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.* Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

(Emphasis added.)

If, in seeking an increase in valuation, the statement of reasons why a valuation may be insufficient or erroneous does not constitute either a permissive or compulsory counterclaim under the Rules of Civil Procedure, however, the second sentence of Rule 41(a)(2) does not come into play. The court's discretion to grant the plaintiff's motion is guided only by the proviso in the first sentence, that dismissal be "upon such terms and conditions as the court deems proper." Here, the tax court conditioned Turf Paradise's dismissal upon payment of reasonable attorney's fees to the County. We find no abuse of discretion.

■ In the alternative, the County asserts that the court abused its discretion in granting Turf Paradise's motion to dismiss because once the County answered, it obtained a substantial right or advantage which would be lost or rendered less effective by a dismissal. The County claims that by failing to at least order a hearing before granting dismissal, the County lost the "substantial" right to take a second look at Turf Paradise's valuation and to seek an increase.

The County cites numerous cases involving dismissal *without prejudice*,[3] including *Goodman v. Gordon*, 103 Ariz. 538, 540, 447 P.2d 230, 232 (1968) (approving grant of plaintiff's motion to dismiss to permit refiling in federal court), to argue that the trial court erred in failing to consider the equities of both sides of this controversy. In *Goodman*, the court also held that "only the most extraordinary circumstances will justify the trial court in refusing to grant a motion by a plaintiff to dismiss *without prejudice*." *Id.* at 541, 447 P.2d 230. We can see no reason to adopt a more onerous standard in cases in which the plaintiff seeks to dismiss a complaint *with* prejudice.

Furthermore, our supreme court has distinguished Rule 41 "which relates to voluntary dismissals" from the case where the plaintiff seeks dismissal with prejudice. *Damron v. Sledge*, 105 Ariz. 151, 153, 460 P.2d 997, 999 (1969). The plaintiffs in *Damron* originally sued both the driver and the owner of a car for their personal injuries. The plaintiffs later sought to dismiss the complaint with prejudice as to the car's owner. The attorney for the car's owner objected because he wanted to contest the seriousness of plaintiffs' injuries at trial. The court held that the plaintiff had an absolute right to a voluntary dismissal with prejudice; "the attorney for the party against whom the dismissal is sought has no grounds for ob-

---

**3.** For example, *Schoolhouse Educ. Aids, Inc. v. Haag*, 145 Ariz. 87, 699 P.2d 1318 (App.1985) is distinguishable because by granting the plaintiff's motion to dismiss after the plaintiff had obtained possession of property from Haag under the replevin statutes, the plaintiff deprived defendant of the opportunity to litigate the propriety of the taking. *Id.* at 91, 699 P.2d 1318. The trial court's grant of the dismissal and exoneration of the bond violated the replevin statutes and thus deprived defendant "of his right to disposition of the case on its merits." *Id.*

*Crawford v. Superior Court in and for Pima County*, 144 Ariz. 498, 698 P.2d 743 (App.1984)

and *Cheney v. Arizona Superior Court for Maricopa County*, 144 Ariz. 446, 698 P.2d 691 (1985), both involve plaintiffs' requests for dismissal without prejudice to refile and take advantage of the new Uniform Contribution Among Tortfeasors Act ("UCATA"). The court of appeals in *Crawford*, 144 Ariz. at 500, 698 P.2d at 745, and the supreme court in *Cheney*, 144 Ariz. at 448, 698 P.2d at 693, found the loss of the contributory negligence defense was substantial and constituted extraordinary circumstances. Both courts found no abuse of discretion by the trial court in denying the motions to dismiss.

jecting when his client's rights are protected." *Id.* at 154, 460 P.2d at 1000.

The County argues that it should be able to object because its interests are prejudiced by a dismissal and that the tax court should first hold a hearing on the issue of an increase in valuation.[4] Yet, we find no authority requiring the tax court to hold a hearing on the merits of the substantive issue before dismissing with prejudice the taxpayer's appeal, particularly given the plaintiff's broad right to such a dismissal and our conclusion that the County did not have a *right* to counterclaim for an increased valuation other than that specifically provided for and limited by the legislature. Therefore, we find no abuse of the tax court's discretion in granting Turf Paradise's motion to dismiss its appeal and striking the County's counterclaim. The condition placed upon the dismissal, payment of reasonable attorney's fees the amount of which is not contested, adequately protected the County's interest in conserving its resources and deterring frivolous tax appeals.

### III. *Turf Paradise Is Not Entitled to Attorney's Fees in this Appeal*

■ Attorney's fees are not recoverable without either a contractual or statutory basis for their award. *State Farm Mut. Auto. Ins. Co. v. O'Brien,* 24 Ariz.App. 18, 22, 535 P.2d 46, 50 (1975).

■ Turf Paradise argues that if the County fears taxpayers will abuse the tax appeal process, it can ask for attorney's fees and costs or for sanctions under Rule 11. Turf Paradise also states that after the tax court decision finding its property was not overvalued in 1990, Turf Paradise reasonably decided not to present the same unsuccessful evidence and arguments in 1991. Turf Paradise, however, asks for its attorney's fees and costs associated with this appeal and in its written brief cites for authority A.R.S. sections 12–341, 12–348, and 42–178. At oral argument, Turf Paradise limited its claim solely to A.R.S. section 12–348(B).

A.R.S. section 12–348(B) permits an award of attorney's fees to a party "which prevails by an adjudication on the merits in an action brought by the party against ... a ... county challenging the assessment or collection of taxes." Although Turf Paradise dismissed its action against the County, it contends that in this appeal, it is defending against the County's counterclaim and that if we affirm the tax court, Turf Paradise will be the prevailing party and therefore will be entitled to attorney's fees.

The statute is permissive and conditions an award of fees on *an adjudication on the merits* in the action brought by the party seeking fees. The action brought by Turf Paradise was its tax appeal, which it dismissed with prejudice. By Turf Paradise's own act, therefore, no adjudication on the merits took place in the tax appeal. *See Arnold v. Bd. of Pardons and Paroles,* 167 Ariz. 155, 159, 805 P.2d 388, 402 (App.1990) (plaintiffs who secured hearings as a result of settlement did not prevail after adjudication on the merits). In fact, in the final analysis, Turf Paradise's contention in this appeal has been that it had an absolute right to avoid an adjudication on the merits.

The tax court's dismissal of the County's "counterclaim" formed the basis for this appeal brought by the County. The appeal in this court does not concern the merits of Turf Paradise's attempt to reduce its tax liability, and our ruling has no effect on that issue. Thus, this case is distinguishable from cases where, after prevailing *on the merits* in the tax appeal, taxpayers have secured an award of fees for both the tax appeal and the appeal to this court. *See Lincoln Fosseat Assocs. v. Department of Revenue,* 167 Ariz. 36, 38, 804 P.2d 765, 767 (App.1990) (after successful tax appeal in which taxpayer had prevailed on merits, taxpayer received attorney's fees and costs incurred in defending entitlement to fees).[5] *See also Bromley*

---

4. A plaintiff's right to dismiss after the defendant has answered is discretionary and "must be made by motion with notice to the defendants, a hearing and a court order." *Cheney,* 144 Ariz. at 448, 698 P.2d at 693. The County received a hearing on the motion to dismiss.

5. In *Lincoln Fosseat,* we also granted fees under section 12–348(A)(2) for the appeal in this court. That subsection directed a fee award in "[a] civil action brought by the party against the state ... to challenge the assessment or collection of taxes." The subsection, however, was deleted by

*Group v. Department of Revenue,* 170 Ariz. 532, 541, 826 P.2d 1158, 1167 (App.1991) (citing *Lincoln Fosseat* ).

Because the appeal now before this court was brought by the County, not Turf Paradise, attorney's fees incurred by Turf Paradise in defending the County's "counterclaim" and asserting its right to avoid an adjudication on the merits are not fees incurred by a prevailing party in an action *brought by the party.* Turf Paradise's request for attorney's fees does not fall within the express language of A.R.S. section 12–348(B). Therefore, we decline its request.

The judgment is affirmed.

TOCI and SHELDON, JJ., concur.

NOTE: The Honorable STEVEN D. SHELDON, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Article VI, Section 3 of the Arizona Constitution.

the 1990 amendment to the statute. The 1990 amendment added the language now in section 12–348(B) requiring the party seeking fees to have prevailed after an adjudication on the merits.