NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IBITSAM NUR, and her mother and next friend, FAHMO IBRAHIM, in
her capacity as mother of the minor and individually,
*Plaintiffs/Appellants*,

*v.*

DENNIS C. ECKEL, et al., *Defendants/Appellees*.

No. 1 CA-CV 15-0269
FILED 9-27-2016

---

Appeal from the Superior Court in Maricopa County
No. CV2010-051114
The Honorable Michael D. Gordon, Judge

**APPEAL DISMISSED IN PART; JUDGMENT AFFIRMED IN PART**

---

COUNSEL

The Nathanson Law Firm, Scottsdale
By Philip J. Nathanson
*Counsel for Plaintiff/Appellant*

Jones, Skelton & Hochuli PLC, Phoenix
By Stephen A. Bullington, Eileen Dennis GilBride
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

---

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Jon W. Thompson and Chief Judge Michael J. Brown joined.

---

**J O H N S E N**, Judge:

¶1 Fahmo Ibrahim and her daughter Ibitsam Nur appeal from a jury verdict in favor of Dennis C. Eckel, M.D., and Valley OB/GYN & Associates, P.C.; an order denying Ibrahim's motion for new trial; and an order granting attorney's fees and costs in the voluntary dismissal of Nur's claims. For the following reasons, we dismiss for lack of jurisdiction the appeal from the jury verdict and the order denying the motion for new trial and affirm the award of attorney's fees and costs.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Ibrahim and Nur filed a medical malpractice suit relating to obstetrical care Eckel provided to Ibrahim during the delivery of Nur in 2008. On the eve of trial, four years later, Nur moved to dismiss her claims without prejudice pursuant to Arizona Rule of Civil Procedure ("Rule") 41(a)(2). Eckel objected, asking the court to dismiss the claims with prejudice.[1]

¶3 At the hearing on the motion, the superior court advised Nur's attorney that if it were to grant the dismissal without prejudice, it would order reimbursement of Eckel's costs and fees. The court then asked counsel for Nur whether plaintiffs wanted to proceed with the dismissal, and counsel responded in the affirmative. At that, the court dismissed Nur's claims without prejudice and awarded Eckel his costs and reasonable attorney's fees related to the defense of Nur's claims.

¶4 Later, after a jury verdict in favor of Eckel on Ibrahim's claims, Eckel filed an application seeking attorney's fees of $71,483.75 and costs of $9,703.57 in connection with the voluntary dismissal of Nur's claims. Eckel

---

[1] Any claim Nur may have against Eckel based on negligence would not be barred by limitations until two years after she reaches the age of majority. Ariz. Rev. Stat. §§ 12-502 (2016), -542(1) (2016).

asserted he was seeking only half of all the fees he incurred up to the date of the dismissal, even though more than half of his fees had been spent in defending Nur's claims. The superior court entered judgment on the verdict against Ibrahim pursuant to Rule 54(b). Ibrahim timely moved for a new trial or to alter or amend the judgment, which the superior court denied on February 5, 2015.

**¶5** On February 27, 2015, in a signed order entered pursuant to Rule 54(c), the superior court ordered Nur to pay Eckel $50,000 in attorney's fees and $7,289.57 in taxable costs. Ibrahim and Nur filed a notice of appeal on March 30, 2015, more than 30 days after the superior court's denial of Ibrahim's motion for new trial.

## DISCUSSION

### A. Dismissal of Appeal from Jury Verdict and Denial of Motion for New Trial.

**¶6** Ibrahim purports to appeal from the jury verdict and denial of her motion for new trial. We have an independent duty to determine whether we have jurisdiction over an appeal. *Sorensen v. Farmers Ins. of Arizona*, 191 Ariz. 464, 465 (App. 1997).

**¶7** Because the superior court's judgment on the jury verdict contained Rule 54(b) finality language, it was immediately appealable pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2016). *See S. Cal. Edison Co. v. Peabody W. Coal Co.*, 194 Ariz. 47, 53, ¶ 19 (1999).[2] An appellant must file a notice of appeal "no later than 30 days after entry of the judgment from which the appeal is taken." ARCAP 9(a). Upon filing of a timely post-judgment motion for new trial or motion to alter or amend the judgment, the 30-day time to appeal is extended, and begins to run from entry of the order disposing of the motion. ARCAP 9(e)(1). Ibrahim, however, did not file a notice of appeal until more than 30 days after the court denied Ibrahim's motion for new trial following the jury verdict.

**¶8** Because the notice of appeal was filed more than 30 days after the order denying the motion for new trial, we lack jurisdiction over Ibrahim's appeal from the jury verdict and the denial of the motion for new

---

[2] Absent material revision after the relevant date, we cite a statute's current version.

trial. Accordingly, we dismiss that portion of the appeal. *See James v. State*, 215 Ariz. 182, 185, ¶ 11 (App. 2007).

## B.  Attorney's Fees and Costs Award.

**¶9**  Nur argues the superior court erred in awarding attorney's fees and costs to Eckel pursuant to Rule 41(a)(2).[3] We have jurisdiction over the appeal from the award of fees and costs pursuant to A.R.S. § 12-2101(A)(1). We review the order for an abuse of discretion. *State ex rel. Corbin v. Portland Cement Ass'n*, 142 Ariz. 421, 424 (App. 1984).

**¶10**  Rule 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Any voluntary dismissal sought after an answer has been filed "must be made by motion with notice to the defendants, a hearing and a court order." *Cheney v. Super. Ct.*, 144 Ariz. 446, 448 (1985). The superior court has broad discretion in imposing the conditions of a voluntary dismissal. *Corbin*, 142 Ariz. at 424. Contrary to Nur's contention that there is no Arizona case authorizing fees and costs pursuant to Rule 41, the superior court indeed has the power to award statutory costs and attorney's fees as part of an order granting a voluntary dismissal. *See Goodman v. Gordon*, 103 Ariz. 538, 540 (1968); *Turf Paradise, Inc. v. Maricopa County*, 179 Ariz. 337, 341-42 (App. 1994); *Corbin*, 142 Ariz. at 425.

**¶11**  Here, Nur moved to dismiss her claims against Eckel on the eve of trial, after the litigation had been pending for four years. The court had warned that it would not grant the motion to dismiss without ordering reimbursement of Eckel's costs and reasonable fees. Contrary to Nur's argument, there is no requirement that the superior court hold a "hardship hearing" to determine a party's ability to pay before ordering fees pursuant to Rule 41(a)(2). The court did not abuse its discretion in ordering reimbursement of Eckel's costs and reasonable fees when it granted the motion to dismiss.

**¶12**  As for the amount of fees, Nur contends Eckel's fees application failed to allocate the time between work performed on Nur's

---

[3]  Nur argues the superior court impermissibly awarded the attorney's fees and costs as "sanctions." Although it is true that in a later minute entry the superior court referred to the award as a sanction, ultimately the superior court made the award pursuant to Rule 41.

claims and work performed on Ibrahim's claims. However, given that Eckel sought less than half of the fees he incurred before the dismissal, the superior court did not abuse its discretion in awarding about $20,000 less than what Eckel had asked for in fees and about $2,000 less than what he sought in costs. On this record, we find no abuse of discretion in the amount of the superior court's award.

**CONCLUSION**

¶13    For the foregoing reasons, we dismiss the appeal from the jury verdict and denial of motion for new trial. We affirm the award of attorney's fees and costs to Eckel, and we award Eckel his costs of appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA