IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

*In re the Marriage of:*

WILLIAM N. LUNDY, JR., *Petitioner/Appellee,*

*v.*

COLLEEN S. LUNDY, *Respondent/Appellant.*

No. 1 CA-CV 15-0612 FC
FILED 4-6-2017

Appeal from the Superior Court in Yavapai County
No. V1300DO820030110
The Honorable Richard D. Lambert, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

Aspey Watkins & Diesel PLLC, Flagstaff
By Zachary J. Markham, Staci Lynn Foulks
*Counsel for Petitioner/Appellee*

Berkshire Law Office PLLC, Phoenix
By Keith Berkshire, Maxwell Mahoney
*Counsel for Respondent/Appellant*

## OPINION

Judge Peter B. Swann delivered the opinion of the court, in which Presiding Judge Patricia A. Orozco (retired) and Chief Judge Michael J. Brown joined.

**S W A N N**, Judge:

¶1 Colleen S. Lundy ("Mother") appeals the superior court's modification of William N. Lundy, Jr.'s ("Father['s]") child support obligation. We conclude that the court erroneously attributed income to Mother from a second job, and erroneously credited Father for the full amount paid on an insurance policy covering both the minor children and other dependents. We therefore vacate the modification order and remand for further proceedings. We further hold that the court erred by awarding attorney's fees to Father in the absence of a written request for fees.

## FACTS AND PROCEDURAL HISTORY

¶2 In 2004, Father and Mother, the parents of three then-minor children, entered a consent decree dissolving their marriage. The decree ordered Father to pay monthly child support and provide medical and dental insurance for the children.

¶3 In 2014, Father filed a petition to modify his child support obligation. He argued that modification was warranted because the parties' incomes had changed and their oldest child had turned 18 years old.

¶4 After holding an evidentiary hearing in July 2015, the superior court granted Father's petition and modified his child support obligation from $1,354.41 per month to $500 per month. In calculating the new amount, the court attributed to Mother income from two jobs. The court also credited Father for the full amount he paid to provide health insurance coverage for the three children and his wife, relying on testimony that Father's cost to purchase dependency coverage would remain the same regardless of the number of dependents added to the policy. Finally, the court awarded Father approximately $5,000 in attorney's fees under A.R.S. § 25-324.

¶5        Mother appeals.

## DISCUSSION

I.    THE SUPERIOR COURT ERRONEOUSLY CALCULATED FATHER'S NEW CHILD SUPPORT OBLIGATION.

¶6        After the consent decree was entered, the parties' oldest child reached the age of majority and graduated high school.  That fact alone provided sufficient grounds for the court to revisit the issue of child support.  *See* A.R.S. §§ 25-501(A), –503(E).  We conclude, however, that several legal errors contributed to the calculation of the new support obligation.

> A.    The Superior Court Erred by Considering Income that Mother Earned from a Second Job.

¶7        Mother first contends that the superior court erred by including earnings from a second job when determining her income for the child-support calculation.  We agree.

¶8        Section 5(A) of the Arizona Child Support Guidelines provides that when determining parents' incomes for child support purposes:

> Generally, the court should not attribute income greater than what would have been earned from full-time employment. Each parent should have the choice of working additional hours through overtime or at a second job without increasing the child support award.  The court may, however, consider income actually earned that is greater than would have been earned by full-time employment if that income was historically earned from a regular schedule and is anticipated to continue into the future.

A.R.S. § 25-320 app. § 5(A).  Section 5(A)'s intent is "consistent with the concept of full-time employment."  *McNutt v. McNutt*, 203 Ariz. 28, 32, ¶ 17 (App. 2002).  The provision "ensure[s] that the child support award is based on both parents' regular incomes but leave[s] to each parent the choice of working additional hours — whether overtime or at a second job

— without exposing that parent to the 'treadmill' effect of an ever-increasing child support obligation."[1] *Id.*

¶9        The court used Mother's 2013 tax return to determine her income, reasoning that her 2014 tax return reflected atypical earnings. The 2013 return showed that Mother's net annual income from her job as a financial advisor was $67,057, and that her net profit from a separate business management job was $37,679. Her 2014 return and her testimony established that she continued to work as a financial advisor. The 2014 return did not, however, make any mention of a business management position (though it did report approximately $3,000 in earnings from an "insurance" job). The court was not presented with evidence from which it could conclude that Mother's business management income was "historically earned from a regular schedule and is anticipated to continue into the future." We conclude, therefore, that the court erred by including that income in the child-support calculation.

¶10       We reject Father's argument that Mother waived § 5(A)'s application.  Neither Mother nor Father specifically addressed the business management income in the modification proceedings — they instead disputed whether Mother's 2014 earnings (which did not include business management income) accurately represented her financial situation and whether she correctly self-reported her 2015 income (which similarly did not include business management income). Mother cannot be said to have waived her right to challenge the court's *sua sponte* inclusion of income from the business management work she did in 2013.

      B.     The Superior Court Erred by Crediting Father with the Full Amount of His Insurance Premium Payments.

¶11       Mother next contends that the superior court erred by failing to prorate the amount Father paid to provide health insurance coverage for the two minor children, the adult child, and Father's wife. Again, we agree with Mother.

---

[1]       Though the second and third sentences of § 5(A) might appear to conflict, we interpret the Guideline as a whole, avoiding constructions that could render any part meaningless. We read the second sentence to prohibit inclusion of income from traditional overtime or second jobs, and we read the third sentence to permit realistic calculation of income in cases involving a parent whose income does not arise from such discrete sources.

¶12        Section 9(A) of the Guidelines provides that the court:

> <u>Shall</u> add to the Basic Child Support Obligation the cost of
> the children's medical dental or vision insurance coverage, if
> any . . . .  In determining the amount to be added, only the
> amount of the insurance cost attributable to the children
> subject of the child support order shall be included.   If
> coverage is applicable to other persons, the total cost shall be
> prorated by the number of persons covered.

Section 9(A) then provides an example of a "family option" premium
payment that "provides coverage for the employee and *any number* of
dependents."   (Emphasis added.)   The example explains that the cost
attributable to the dependents' coverage should be divided by the number
of dependents, then the quotient should be multiplied by the number of
the dependents who are the subject of child support, and then the product
should be used to calculate child support.  The example makes clear that
the premium must be prorated even if the named insured could add any
number of non-child-support dependents to the policy at no additional
cost.

¶13        In view of the foregoing, the superior court erred by refusing
to prorate Father's premium payments to account for the health
insurance's coverage of the adult child and Father's wife.   Father's
contention that Mother waived this issue is unavailing.   The transcript
reveals Mother specifically argued that proration was required.   Her
failure to cite § 9(A) did not constitute waiver.

II.    THE   SUPERIOR   COURT   ERRONEOUSLY   AWARDED
       ATTORNEY'S FEES TO FATHER.

¶14        Mother finally contends that the superior court erred by
awarding attorney's fees to Father, arguing that he did not properly
request fees under ARFLP 78(D)(1).

¶15        ARFLP 78(D)(1) provides that "[a] claim for attorney's fees,
costs and expenses initially shall be made in the pleadings, pretrial
statement, or by motion filed prior to trial or post-decree evidentiary
hearing."  We need not decide the temporal strictures of the rule, because
one thing is clear — the rule requires a *filed*, written request.  There was no
such request in this case.  Father did not ask for fees in the modification
petition or in any other filing.  He instead asked for fees orally in closing
argument at the evidentiary hearing.  That was insufficient under ARFLP
78(D)(1), and the fact that Mother requested fees in the same manner as

Father does not constitute waiver — neither party would have been eligible for fees under the rule.

## CONCLUSION

**¶16**        We vacate the superior court's orders modifying child support, and we remand for further proceedings consistent with this decision.   On remand, the parties should apprise the court of any new changes in circumstances or income that may affect child support.

**¶17**        In exercise of our discretion, we deny both parties' requests for attorney's fees on appeal.

